**ROAN CREQUE, Plaintiff**

v.

**ELMO D. ROEBUCK, President of THE TWELFTH LEGISLA- TURE OF THE VIRGIN ISLANDS, et al., Defendant**

Civil No. 655/1978

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 4, 1979

---

[25] 15 V.I. at 112–13.

**FEUERZEIG,** *Judge*

### ORDER

Defendant, Twelfth Legislature of the Virgin Islands, has filed a Notice of Appeal from the Order of this court dated March 19, 1979, denying its motion to dismiss.[1] Defendant also has moved for a stay of the March 19 Order, which directed defendant to file a responsive pleading within 10 days of receipt of the Order.

Defendant has not cited any authority for its motion for a stay nor has defendant submitted a memorandum of law in support of its motion as required by 5 V.I.C. App. V, Rule 6(e) ; 5 V.I.C. App. IV, Rule 7. Absent citation to any authority, this court construes the Legislature's

---

[1] A portion of defendant's motion to dismiss was treated as a motion for summary judgment because it was supported by matters outside the pleadings. Rule 12(b) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 12.

motion as seeking a stay of the proceedings based on the court's inherent power. Clearly, the court in its discretion could order a stay if it believed one was warranted. See Landis v. North American Co., 299 U.S. 248 (1936), 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil, § 2901 (1973).

The rules of procedure provide for stays. Rule 8 of the Federal Rules of Appellate Procedure[2] directs the appellant to seek a stay in the trial court, and then goes on to provide the procedure to be followed in the appellate court if relief is denied by the trial court. 9 Moore's Federal Practice ¶ 208.02, at 1404 (1970 ed.). Rule 62 of the Federal Rules of Civil Procedure governs the procedure for granting stays in the district courts and in this court. This rule, however, is applicable only to judgments and orders which are defined in Rule 54(a) of the Federal Rules as "a decree and any order from which an appeal lies." Pursuant to 28 U.S.C. § 1291, the appellate courts of the United States only have jurisdiction to hear appeals of final decisions of the district courts, except in those cases enumerated in § 1292(a), which are not applicable to this case.[3]

■ The rule of finality is the same when an appeal is taken from this court to the district court. Pursuant to 4 V.I.C. § 33 appeals may be had of "judgments and orders of the territorial court." This has been interpreted to mean *final* judgments and orders. Pickering, et al. v. Concord Auto Sales, et al., Civil No. 76-794 (D.V.I., Div. St. T. & St. J., June 29, 1977) (Christian, C.J.). When confronted in Pickering with a motion to dismiss an appeal of an order

---

[2] Pursuant to the Order of Adoption of December 17, 1976, appeals from the Territorial Court to the District Court "shall be taken in the same manner and form" as appeals from the District Court to the U.S. Court of Appeals for the Third Circuit.

[3] Title 28 U.S.C. § 1292(b), relating to the certification of a controlling question of law "as to which there is substantial ground for difference of opinion" and for which "an immediate appeal from the order may materially advance the ultimate termination of the litigation," is not presently before the court.

by the former Municipal Court that denied a motion for a judgment on the pleadings, or dismissal and/or summary judgment, Chief Judge Christian stated:

> In my estimation the rule of finality, which, with limited exceptions not here pertinent, proscribes review of interlocutory orders, is applicable to both appeals and proceedings petitionary of writs of review. *Orders denying motions for judgment on the pleadings, to dismiss and for summary judgment being interlocutory,* the instant appeal will be dismissed. (Emphasis added.)

See also Controlled Concrete Products, Inc. v. Savin, Civil No. 76/906 (D.V.I., Div. St. T. & St. J., March 23, 1977) (Christian, C.J.). The view expressed in Pickering and Controlled Concrete Products is in full accord with the finality requirement of 28 US.C. § 1291.

■ This court's Order of March 19, 1979, not being a final order, it is clear that Rule 62 of the Federal Rules of Civil Procedure and Rule 8 of the Federal Rules of Appellate Procedure have no application. The question, however, remains as to whether the court should, in its discretion, stay the matter pending appeal. The court does not believe it should. In view of the Pickering and Controlled Concrete Products, Inc., decisions and the general rule that the denial of a motion to dismiss and/or a motion for summary judgment is interlocutory, 10 C. Wright and A. Miller, supra, § 2715, at 424;[4] 15 C. Wright & A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction, § 3914, at 537 (1975),[5] defendant's notice of appeal appears to be an exercise in futility.

As pointed out, in Pickering the appellants' motion for judgment on the pleadings, or dismissal and/or summary

---

[4] "A denial of summary judgment indicates that the moving party has failed to establish that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law; a trial therefore is necessary. As a result, the denial of a Rule 56 motion is an interlocutory order from which no appeal is available until the entry of judgment following the trial on the merits." Id.

[5] "Orders denying motions to dismiss are not final." Id.

judgment was denied by the then Municipal Court. The District Court, characterizing the order denying the motions as interlocutory, dismissed the appeal on the grounds that it was "without jurisdiction to review the case on appeal at the present time." Accordingly, this court believes that the Legislature's appeal is not likely to be heard on the merits, but rather will suffer the same fate as appellant's in Pickering. Consequently, there being no good reason to stay this matter, it is

ORDERED that the Legislature's motion for a stay of the March 19, 1979, Order of this court is hereby DENIED, and it is further

ORDERED that the defendant shall file a responsive pleading within 5 days of receipt of this Order.