**ARLINGTON TODMAN AND LINDA TODMAN, Plaintiffs**

**v.**

**SUPERCAR, INC. and NISSAN MOTOR CO., LTD.,**
**Defendants**

Civil No. 286-1977

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 11, 1979

RICHARD E. DALEY, ESQ. (ISHERWOOD, ALKON, BERNARD & DIEHM), Christiansted, St. Croix, V.I., *for plaintiffs*

JOHN W. NEWMAN, ESQ., St. Thomas, V.I., *for defendant Supercar*

JAMES R. COLEMAN, ESQ. (LEHTONEN & COLEMAN), St. Thomas, V.I., *for defendant Nissan*

CHRISTIAN, *Chief Judge*

### MEMORANDUM AND ORDER

This case is before the Court on plaintiff's motion for an order to strike defendant Nissan's fifth affirmative defense[1] pursuant to Fed. R. Civ. P. 12(f). The motion will be granted.

Plaintiff's motion presents a question of first impression in the Virgin Islands. We are asked to determine whether the two-year statute of limitations for personal injury[2] or the four-year statute of limitations for breach of express or implied warranties[3] applies to a cause of action for damages for personal injuries arising from an alleged breach of contractual warranty. We hold that the four-year statute of limitations is applicable.[4]

### I

On March 30, 1975, Mr. and Mrs. Todman (hereinafter plaintiffs) purchased a Datsun automobile from Supercar, Inc. Plaintiffs allege that in November of 1975 while Mr. Todman was driving the said vehicle in St. Thomas the accelerator system malfunctioned. This defect caused Mr.

---

[1] "AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

    8. That the Statute of Limitations has run, thus barring prosecution of plaintiff's claim."

[2] 5 V.I.C. § 31(5)(A).

[3] Title 11A V.I.C. § 2—725(1) provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued".

[4] In so holding we join the viewpoint of the majority of American jurisdictions. See, e.g., Sinka v. Northern Commercial Co., 491 P.2d 116 (Alas. 1971); Hamilton v. Turner, 377 A.2d 363 (Del. Super. Ct. 1977); Branden v. Gerbie, 379 N.E.2d 7 (Ill. App. 1978); McCarthy v. Bristol Lab., 401 N.Y.S.2d 509 (N.Y. App. Div. 1978); Gardiner v. Philadelphia Gas Works, 197 A.2d 612 (Pa. 1964). But see, e.g., Becker v. Volkswagon, 125 Cal. Reptr. 366, 330–331 (Cal. Ct. App. 1975); Heavner v. UniRoyal, Inc., 305 A.2d 412, 420–21 (N.J. 1973).

Todman to lose control of the automobile which resulted in an accident that injured plaintiff.

Plaintiffs brought suit against defendants and based their claims on theories of contract and tort. Defendant, in his answer, asserts the affirmative defense that the action for personal injuries is time barred. Defendant also alleges that the statute of limitations for personal injuries rather than the statute of limitations for contracts controls the case at bar.

## II

Title 5 V.I.C. § 31 generally provides the time for commencement of various actions in the Virgin Islands. It does not apply, however, where a different limitation is prescribed by statute. 5 V.I.C. § 31. The time period within which action for breach of a sales contract may be commenced is specifically provided at 11A V.I.C. § 2—725(1). That the Uniform Commercial Code's time limitation supercedes the general limitations is not questioned but rather the assumption that a personal injury action falls within the ambit of § 2—725(1). See McCarthy v. Bristol Lab., 401 N.Y.S.2d at 511.

Title 11A V.I.C. § 2—318 provides that:

A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer . . . if it is reasonable to expect that such person may use, consume or be affected by the goods and *who is injured in person by breach of the warranty*. (Emphasis added.)

The precise language of the statute indicates that personal injury caused by a breach of warranty falls within the reach of § 2—725(1), thereby invoking the four-year statute of limitations.

### ORDER

The premises considered and the Court being advised,

IT IS ORDERED that the motion of plaintiff to strike defendant Nissan Motor Corporation's fifth affirmative defense as legally insufficient be, and the same is hereby, GRANTED.