**LINUS PHILLIP, Plaintiff**

v.

**W. E. COWELL TAYLOR, M.D., FEDERICO DOTTIN, M.D., WOOK SUH, M.D., and THE GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 77/198

District Court of the Virgin Islands

Div. of St. Croix

April 22, 1981

437

JOHN K. DEMA, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

JOSEPH BRUCE WM. ARELLANO, ESQ., c/o Law Office of ROGER L. CAMPBELL, Charlotte Amalie, St. Thomas, V.I., *for defendant Dottin*

BERNARD VAN SLUYTMAN, ESQ. (c/o BIRCH, DEJONGH & FARRELLY), Charlotte Amalie, St. Thomas, V.I., *for defendants Taylor, Dottin and Suh*

ASSISTANT ATTORNEY GENERAL, Christiansted, St. Croix, V.I., *for defendant Government*

SILVERLIGHT, *Judge, Sitting By Designation*

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the summary judgment motion of Federico Dottin, M.D. For the reasons stated below, this motion is denied.

Plaintiff Linus Phillip sustained a work-related injury to his back, and among the diagnostic methods utilized to determine the extent of the injury was a myelogram, a form of x-ray. A myelogram is performed by injecting the dye pantopaque into the spinal column of the patient. The myelogram was performed by Drs. Taylor and Dottin on September 11, 1975. Plaintiff maintains that the procedure was performed negligently in that the dye was left in his body, and this caused him injury.

Defendant Dottin advances two reasons for summary judgment in his favor. The first is a statute of limitations bar. This case is a tort action for personal injury, which under 5 V.I.C. § 31(5)(A) must be commenced within two years after the cause of action accrues. The complaint was filed September 30, 1977, more than two years after the myelogram. Plaintiff argues, however, that the date the cause of action accrues in a medical malpractice case is not necessarily the date of the complained of medical procedure. Plaintiff points to 27 V.I.C. § 166d which provides that where a foreign object is left in the body of a patient by a health care provider the limitation is two years from the time plaintiff discovered or reasonably should have discovered the existence of the foreign object. Plaintiff's affidavit states that he did not discover that the pantopaque was left in his body until informed by a neurologist, on or about August 19, 1976. Using this date as applicable, plaintiff's claim was well within the time limits.

■■ Defendant notes that 27 V.I.C. § 166d provides that this subchapter does not apply to any act of malpractice which occurred

before the effective date of the subchapter (November 18, 1975). Defendant does state, however, and this Court agrees, that the subchapter can be considered in determining the public policy of the Virgin Islands regarding medical malpractice statutes of limitations. Defendant basically agrees that this Court should apply the rule of 27 V.I.C. § 166d. The strong trend of decision has been to toll the running of statutes of limitations in medical malpractice cases until plaintiff has knowledge of the injury. See Restatement (Second) of Torts, § 899, comment (e) (1979). In United States v. Kubrick, 445 U.S. 111 (1979), the Supreme Court retrenched the lower courts' expansive interpretation of the statute of limitations for the Federal Tort Claims Act. The District Court had held that the cause of action in a medical malpractice claim accrued when plaintiff both knew the existence and cause of his injury, *and* knew that the acts causing the injury constituted malpractice. The Supreme Court held that once the plaintiff knew the existence and cause of his injury, the time for the statute began to run.

■■ This Court will follow the overwhelming trend of the law and Kubrick in holding that in cases where the allegedly negligent act occurred before November 18, 1975, the cause of action does not accrue before the plaintiff knows the existence and cause of his injury. This rule would include the present rule of 27 V.I.C. § 166d that the time limit for a claim against a health care provider arising from a foreign object left in a patient's body be computed from the time plaintiff discovers the object or reasonably should have discovered it.

■ Defendant admirably acknowledges the relevance of the patient's awareness of his injury to the running of statute of limitations for medical malpractice cases. Yet he still maintains, for several reasons, that the applicable date to begin the running of the statute of limitations here is the date the dye was injected. First, defendant claims that the fact that it was Dr. Taylor who injected the dye and had responsibility for aspirating (removing) the dye should exonerate him. However, plaintiff claims that Dr. Dottin removed the needle without aspirating the dye. Since there is a dispute between the parties on the question of who actually withdrew the needle, summary judgment is not appropriate on this matter.

■ Defendant Dottin also claims that the pantopaque dye was not a foreign object so that 27 V.I.C. § 166d would even be applicable. Defendant points to the case of Rothman v. Silber, 216 A.2d 18 (N.J. Super. Ct., App. Div.), cert. denied 218 A.2d 405 (1966), where

the Court refused to apply the "foreign object" rule to a malpractice claim concerning the injection of anaesthetic. The New Jersey court refused to treat this drug as an "object". However, the pantopaque dye must be removed from the body unlike the anaesthetic. The fact that the dye may be liquid rather than solid matter is not significant—it was placed in the body, and plaintiff claims that it should have been removed and was not. It would be mere formalism to deny the dye the status of "object". Defendant also claims that the pantopaque should not be considered a foreign object in that it was intentionally, not inadvertently, placed in the plaintiff's body. Again, this distinction does not seem relevant. The fact that a sponge may be placed intentionally in a patient's body during an operation does not prevent it from being a foreign object if left within.

Defendant finally claims that the two alleged collapses of the plaintiff on his way home from the myelogram would have put plaintiff on notice that an injury had occurred on the basis of the x-ray, and thus the cause of action accrued at that time.

██ ██ This is a close point. The applicable question is: should plaintiff have known at that time that he was injured by the myelogram? This Court will not hold plaintiff here to such a degree of knowledge. A collapse after a medical procedure may often indicate anxiety or transient trauma. Permanent injury is not per se indicated. The problem is especially ambiguous where, as here, plaintiff had a pre-existing painful condition. Defendant has not shown a striking change in plaintiff's condition stemming directly from the date of the myelogram which would clearly inform plaintiff of the existence and cause of a new, separate injury caused by the medical procedure. The Court is disinclined to bar plaintiff's action where the source of injury was hidden to the plaintiff. The rationale of the "foreign object" exception is completely appropriate here. In line with the policy expression of the Virgin Islands Legislature and the trend of modern cases, the rule of 27 V.I.C. § 166d as to foreign objects is adopted. This Court has found that the alleged collapses on the day of the myelogram was not the sort of fact "which would reasonably lead to the discovery of the presence of the foreign object." Thus, the cause of action accrued in this case when plaintiff first learned that the pantopaque dye remained in his body, i.e. on or about August 19, 1976.

Defendant Dottin's second ground for the granting of summary judgment is that a radiologist's duty in the U.S. Virgin Islands in

performing a myelogram does not include injection or removal of the pantopaque, informing the patient of any risks, or treating the patient before or after the study is performed. The radiologist's duty is only to evaluate and administer a fluoroscopy and x-rays.

However, plaintiff contends that Dr. Dottin did remove the needle during the myelogram. This dispute as to a factual matter cannot be decided on a summary judgment motion.

## ORDER

It is hereby ORDERED

That the summary judgment motion of defendant Federico Dottin, M.D., be, and the same hereby is, DENIED.