**KATHERINE LUKEY, Plaintiff**

v.

**INTERNATIONAL PAINT COMPANY, INC., Defendant**

Civil No. 1987-91

District Court of the Virgin Islands

Div. of St. Croix

March 23, 1989

GORDON C. RHEA, ESQ. (ALKON & RHEA), St. Croix, V.I., *for plaintiff*

BERNARD C. PATTIE, ESQ. (PATTIE & DALEY), St. Croix, V.I., *for defendant*

O'BRIEN, *Chief Judge*

## ORDER

THIS MATTER is before the Court on two separate motions by the plaintiff Katherine Lukey. First, she seeks a reversal of the jury finding concerning the "discovery rule," or in the alternative, judgment notwithstanding the verdict. Second, she seeks to amend her complaint to assert a claim for breach of an implied warranty

of fitness or merchantability. The defendant vigorously opposes both motions.

## Judgment Notwithstanding the Verdict

It is plaintiff's claim that there was no evidence by which a jury could find, as it did, that Katherine Lukey knew or had reason to know of her toxic-related injury and its cause before July 5, 1986. Plaintiff particularly points to the fact that she continuously sought appropriate medical advice to pin down the cause of her illness, and that the evidence indicates clearly that medical support connecting the paint to the injury did not come about until later in 1986. As far as defendant is concerned, medical support for her belief was not necessary. It was enough, defendant argues, that she linked her condition to the painting which was taking place on the exterior of the administration building at Hess Oil Virgin Islands in late 1985 or early 1986. The parties also argue the correctness of the Court's special interrogatory and instructions concerning the discovery rule. In view of our disposition of this issue, we need not reach that assertion by the plaintiff.

In the Court's view, after a full search of the evidence, there is no support for defendant's affirmative defense of the statute of limitations as a bar. In order for the defendant to enjoy the protection of that defense, Ms. Lukey must have known or had reason to know of her injury and its cause before July 5, 1986. Joseph v. Hess Oil Virgin Islands Corp., 867 F.2d 179 (3d Cir. 1989). In her search for a cause, Ms. Lukey had consulted a number of medical experts prior to July 5, 1986, but none had even suggested or pinpointed the paint as the cause of her condition. We agree with the holding in Trieschock v. Owens Corning Fiberglass Co., 511 A.2d 863, 866 (Pa. Super. 1986), which is quoted favorably in Cowgill v. Raymark Industries, Inc., 832 F.2d 798, 806 (3d Cir. 1987). The Trieschock court stated:

> A plaintiff in a creeping disease case should not be required to have greater knowledge than [her] physicians about [her] medical condition. If those physicians are not reasonably certain as to [her] diagnosis, then [she] certainly cannot be bound to have the knowledge necessary to start the statute of limitations running.

Id. at 866.

Certainly Ms. Lukey cannot be charged with a lack of due diligence in attempting to find causation for her disease. She consulted numerous medical experts in various fields. Until late 1986, none had even tentatively diagnosed the paint as the alleged cause of her medical condition. That was the proof at trial, and it does not support the jury finding which would trigger the running of the statute of limitations earlier than July 5, 1986.

■ The plaintiff made the appropriate motion per Fed. R. Civ. P. 50 at the close of the evidence. Thus, she is in a position now to move for judgment notwithstanding the verdict. Upon a full review of the evidence, we find that there was nothing which a jury could use as a basis for finding that the plaintiff knew or should have known of her injury and its cause, prior to July 5, 1986. Thus, judgment on the issue of applicability of the statute of limitations as contained in the first question of the special interrogatories to the jury, will be entered in favor of the plaintiff and the affirmative defense thereof will be stricken.

### Amendment of the Complaint

The plaintiff also seeks to amend her complaint to add a claim of breach of an implied warranty of merchantability per V.I. Code Ann. tit. 11A, § 2–314. This motion was made orally at the time of the trial, and the defendant suggested that if granted, it should be given a continuance to prepare further. While the case was submitted to the jury only on the strict liability claim, we reserved decision on the motion to amend. The defendant contends that the motion is untimely on the ground that there is only a two-year statute of limitations for such actions, even under the Uniform Commercial Code (Title 11A Virgin Islands Code). This argument is based on the Third Circuit decision on Hahn v. Atlantic Richfield Co., 625 F.2d 1095 (3d Cir. 1980), cert. denied, 450 U.S. 981 (1981). The circuit was anticipating action by the courts of Pennsylvania in its holding, which did apply a tort statute of limitations to a breach of warranty case. The Pennsylvania court reached that issue in 1983 in Williams v. West Penn Power Co., 467 A.2d 811 (Pa. 1983). It decided that the statute of limitations contained in the Uniform Commercial Code of four years would apply in breach of warranty cases whether there was privity between the seller and the injured party or otherwise. Thus, the circuit court's guess was wrong. However, the defendant argues that the language of the

circuit's decision is persuasive and should be applied notwithstanding.

Our own version of the Uniform Commercial Code was amended in 1977 to extend the seller's warranty to "any natural person who may reasonably be expected to use, consume or be affected by goods and who is injured in person by breach of warranty." V.I. Code Ann. tit. 11A, § 2-318. While the legislature was amending the statute to extend coverage of breach of warranty situations to persons such as Ms. Lukey, it did not make any alteration in the four year statute of limitations period for actions involving such a breach. Thus, the persons newly covered in 1977 enjoyed the protection of a statute of limitations which was twice that for actions in tort. V.I. Code Ann. tit. 11A, § 2-725. There is no indication that the legislature intended otherwise. Therefore, it is not for us to read into the statute the kind of limitation sought by the defendant. What the circuit would do in the face of the clear language of the statute is for that court to decide. Its self-definition as the "Supreme Court" of the Virgin Islands perhaps gives it wider latitude than this inferior court. Polius v. Clark Equipment Co., 802 F.2d 75, 80 (3d Cir. 1986).

■■ By permitting the amendment, we are really only confirming the clear intent of Todman v. Supercar, Inc., 16 V.I. 408, 410 (D.V.I. 1979). In that case, the court fixed the four year statute as applicable to personal injury suits, but because there was privity between the plaintiffs and the defendant, it was unclear whether the same period would extend to injured parties not in privity with the seller. We now make clear that there is no distinction insofar as the applicability of § 2-725 is concerned.

Accordingly, the premises considered, and for the reasons stated herein, it is

ORDERED:

THAT, plaintiff's motion for judgment notwithstanding the verdict is hereby GRANTED, and defendant's defense of the statute of limitations is hereby stricken; and

THAT, plaintiff's motion to amend the complaint to add a claim for breach of implied warranty of merchantability is hereby GRANTED, and the amended complaint is deemed filed as of the date of entry of the order herein.