**ALLAN A. CHRISTIAN, Appellant**

**v.**

**WILLARD JOHN, Appellee**

D.C. No. 1991-0184

T.C. No. 0536-1988

District Court of the Virgin Islands

Appellate Division of St. Croix

December 17, 1993

ALLAN A. CHRISTIAN, ESQ., Frederiksted, St. Croix, *Pro Se Appellant*

DOUGLAS L. CAPDEVILLE, ESQ. (LAW OFFICES OF DOUGLAS L. CAP-
DEVILLE, ESQ.), Christiansted, St. Croix, *for Appellee*

THOMAS K. MOORE, *Chief Judge, District Court of the Virgin Is-
lands;* BARBARA F. HACKETT, *Judge, United States District Court
for the Eastern District of Michigan, Sitting by Designation; and*

133

ISHMAEL MEYERS, *Judge, Territorial Court of the Virgin Islands, St. Thomas and St. John Division, Sitting by Designation.*

## OPINION OF THE COURT

This matter is before the Court on appeal from the Territorial Court of the Virgin Islands. Appellant Allan A. Christian ("appellant") appeals from a Memorandum Opinion in John v. Christian, Terr. Ct. No. 536/1988 (dated June 11, 1991), in which the court awarded appellee Willard John ("appellee") $5,516.12 in interest, fees, and costs as the prevailing party.

## Background

The underlying dispute arose from a "Contract for Purchase and Sale of Real Estate" entered into by the parties on June 24, 1987. (App. at 5–8.) The contract was for the installment purchase of real property located at Plot 54 Estate Frederikshaab, Frederiksted, St. Croix. It was signed by appellant as "Seller's Agent" and appellee as "Buyer" but it was never executed by the owner, Maria Maldonado. In June 1988 appellee filed an action against appellant and Ms. Maldonado to recover $10,536.25 in payments he had made toward the purchase of the property. After the parties reached a stipulated agreement requiring appellant to return the funds, appellee brought a motion for interest, fees, and costs. Appellant now appeals that judgment. Because this appeal is from a final judgment of the Territorial Court, this Court has subject matter jurisdiction pursuant to V.I. Code Ann. tit. 4, § 33. See Creque v. Roebuck, 16 V.I. 225, 227 (Terr. Ct. 1979).

## Discussion

### A. *Pending Motions*

We must first address several motions brought by the parties. At oral argument, appellee's counsel stated on the record that he no longer sought reconsideration of this Court's June 24, 1993 Order. Thus, that motion is denied as moot. Appellee also filed motions to strike portions of appellant's Appendix and to file a Supplemental Appendix. Appellant, in turn, filed a motion to strike a portion of appellee's brief.

We will grant appellee's motion to strike with respect to all portions of the Appendix which do not comply with Fed. R. App. P.

30(a)[1] and 3d Cir. LAR 30.3.[2] See also Fed. R. App. P. 10(e). In particular, we will strike the Maldonado deposition transcript, (App. at 13–29), the deposition notices, (id. at 48–49, 52–54), and certain letters, affidavits, and other documents (id. at 74, 76–79, 81–82, 85–88). Appellee's motion to add a Supplemental Appendix is denied because these additional documents are unnecessary for a determination of the issues in this appeal. Finally, appellant's motion to strike the conclusory paragraph at page 20 of appellee's brief will be denied as frivolous.

## B. *Merits*

With respect to the merits of this appeal, appellant argues that the lower court erred: (1) when it admitted the affidavits of appellee's counsel for purposes of awarding costs and fees; (2) in failing to find that appellant was Maria Maldonado's agent; and (3) in awarding interest to appellee because of appellant's failure to invest the funds in an interest-bearing account. In terms of the standard of review, the reasonableness of a fee award is reviewed for an abuse of discretion. Rode v. Dellarciprete, 892 F.2d 1177, 11782 (3d Cir. 1990). However, whether the lower court applied the correct legal standard in deciding the fee award is subject to plenary review. Id.; Kean v. Stone, 966 F.2d 119, 121 (3d Cir. 1992). The lower court's legal conclusions with respect to the Federal Rules of Evidence and the Rules of Civil Procedure are also subject to plenary review. United States v. Pelullo, 964 F.2d 193, 199 (3d Cir. 1992); Int'l Union, UAW v. Mack Trucks, Inc., 917 F.2d 107, 110 (3d Cir. 1990), cert. denied, 111 S. Ct. 1313 (1991).

Having considered the arguments both in support of and in opposition to this appeal, we conclude that the lower court properly granted appellee's motion for interest, fees, and costs and

---

[1] In pertinent part, this rule requires an appellant to file an appendix which contains:

(1) the relevant docket entries in the proceeding below; (2) any relevant portions of the pleadings, charge, findings or opinion; (3) the judgment, order or decision in question; and (4) any other parts of the record to which the parties wish to direct the particular attention of the court.

Fed. R. App. P. 30(a).

[2] 3d Cir. LAR 30.3 provides that "[r]elevant portions of a trial transcript, exhibit, or other parts of the record referred to in the briefs shall be included in the appendix at such length as may be necessary to preserve context."

awarded judgment in the sum of $5,516.12. Although appellant contends that the court erred by taking "judicial notice" of the affidavits of Attorneys Capdeville and Masony at the August 15, 1990 hearing, it is clear that in its June 11, 1991 opinion the court made its own determination with respect to the recoverable fees and costs. (App. at 108–14.) The court clearly did not err by admitting these documents at the hearing on appellee's motion for interest, fees, and costs.[3] Further, appellant's argument, while raised as an evidentiary issue, presumably also challenges the reasonableness of the fee award. However, we do not find that the lower court abused its discretion in making its fee determination in this case.

■ Appellant's argument that he acted as Ms. Maldonado's agent is equally unavailing. Appellant cites numerous cases in his brief in which a principal was estopped from denying liability to a third party. See Restatement of Agency, Second § 31 (1957). At issue here, however, is whether an agency relationship existed at all. The lower court found that appellant did not have authority to hold appellee's funds. It stated that—

> Maldonado's conduct—her adamant refusal to approve the agreement despite repeated requests from Christian, her dispute with Christian over attorney's fees, and her hiring of legal counsel to represent her interest in the fee dispute—are all actions which manifest a clear and unequivocal intention not to create an agency relationship.

(Id. at 54.) The court concluded that appellant held appellee's money "hostage" as payment for fees owed to appellant by Maldonado. We agree with the conclusion of the lower court since the record clearly does not support appellant's contention that he acted as Maldonado's agent. As a matter of law, we find that appellant did not obtain authorization, either by estoppel, assent, implication, or other means, to sell Maldonado's property.

■ Finally, appellant argues that he is not liable for interest on the $10,536.25 which he deposited in the court's registry. The lower court found that under Fed. R. Civ. P. 67, appellant should have

---

[3] Additionally, we note that at the hearing appellee's counsel asked the court to take judicial notice as to the dates contained in these affidavits. As for the actual itemization of services contained therein, appellant had ample opportunity after the hearing to file any objections to the fees and costs.

deposited the money into an interest-bearing account. (App. at 106–08.) The court assessed interest against appellant at the statutory rate of nine percent[4] for the period during which the funds were deposited with the court. Rule 67 requires that money deposited with the court "shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court." Fed. R. Civ. P. 67. Since Rule 67 is applicable in the Territorial Court, it is clear that the lower court did not err in assessing interest against appellant. See Terr. Ct. R. 7 (1993).

## C. *Sanctions*

After thoroughly reviewing the record in this case, we seriously question the propriety of appellant's actions here. We agree with the lower court's conclusion that appellant acted as a collection agent on his own behalf rather than as Maldonado's agent, attempting to resolve a fee dispute between himself and Maldonado through the sale of Maldonado's property to Willard John. At no time did appellant obtain any authorization from Maldonado to make such a sale.

■ It is clear that appellee is an innocent third-party who has had to bear the time and expense of recovering what was rightfully his from the start. This case was initiated by appellee over five years ago when he first sued to recover the money paid to Attorney Christian. Viewed in this light, the Court deems it appropriate to exercise its inherent powers to sanction appellant for appellee's costs and attorney's fees incurred in defending this appeal. Chambers v. Nasco, Inc., 111 S. Ct. 2123, 2132–33 (1991). Thus, in addition to the costs taxable under 3d Cir. LAR 39, appellee shall recover all reasonable attorney's fees and costs incurred in defending this appeal. An appropriate affidavit of fees and costs should be submitted by appellee to the Clerk of this Court within thirty (30) days.

## Conclusion

Based on the foregoing, all pending motions except for appellee1s motion to strike will be denied and the judgment of the Territorial Court will be affirmed. In addition, appellee is entitled to recover all reasonable fees and costs in connection with this matter. An appropriate order will be entered.

---

[4] See V.I. Code Ann. tit. 11, § 951 (1982).

## ORDER OF THE COURT

AND NOW, this 17th day of December 1993, upon consideration of the submissions of the parties and the arguments presented before the Court on September 15, 1993; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS THEREFORE:

ORDERED AND ADJUDGED that appellee's motion for reconsideration is DENIED as moot; and it is further,

ORDERED AND ADJUDGED that appellee's motion to add a Supplemental Appendix is DENIED; and it is further,

ORDERED AND ADJUDGED that appellee's motion to strike is GRANTED; and it is further,

ORDERED AND ADJUDGED that appellant's motion to strike is DENIED; and it is further,

ORDERED AND ADJUDGED that the judgment of the Territorial Court is AFFIRMED, and appellee is awarded reasonable attorney's fees and costs upon submission of an itemized and verified affidavit of services to the Clerk of this Court within thirty (30) days.