**ROSE DANIEL, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS AND DR. MORGAN,
Appellees**

District Court Civ. No. 1992-0070

Territorial Court Civil Nos. 0049-1992/0051-1992

District Court of the Virgin Islands

Appellate Division of Saint Croix

May 26, 1994

134

LEE J ROHN, ESQ., Christiansted, St. Croix, V.I., *for appellant*

WILFREDO A. GEIGEL, ESQ., (WILFREDO A. GEIGEL), Gallows Bay, St. Croix, V.I., *for appellees*

MOORE, *Chief Judge,* District Court of the Virgin Islands: Brotman, *Senior Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; and SWAN, *Judge* of the Territorial Court of the Virgin Islands, Division of St. Thomas/St. John, Sitting by Designation.

## OPINION OF THE COURT

This is an appeal from a Memorandum Opinion in Daniel v. Government of the Virgin Islands, et al., Nos. 49/1992 & 51/1992 (Terr. Ct. dated May 14, 1992), denying appellant Rose Daniel's ("Daniel") motion to file a notice of tort claim out of time. Appellant also appeals from trial court orders denying her motion for reconsideration and her motion to amend the complaint.

## I. BACKGROUND

On April 15, 1990, appellant was admitted to St. Croix Hospital seeking medical treatment for a toothpick embedded in her right knee. (App. at 5.) Dr. Morgan removed the toothpick from Daniel's knee and sutured the skin. On May 3, 1990, appellant received treatment from Dr. Walter Pedersen after experiencing pain in her knee. (Id. at 81.) However, two weeks later Daniel's knee was swollen and septic, and she had lost full flexion.

Appellant then traveled to New York seeking further treatment. On May 26, 1990, she underwent an arthrotomy followed by physical therapy. (Id. at 84.) On November 21, 1991, she again consulted with Dr. Pedersen who then told her that she had a permanent degenerative knee injury. She contends that during this visit she first learned that her disability could have been avoided if she had been given proper antibiotics after the toothpick was removed.

On January 13, 1992, Daniel mailed a notice of intent to file a tort claim to the Office of the Governor. (Id. at 10.) On January 14, 1992, she filed a proposed complaint with the Medical Malpractice Action Review Committee ("Committee") pursuant to the Health

Care Provider Malpractice Act ("Malpractice Act"), codified at V.I. Code Ann. tit. 27, § 166(i)(c). (Id. at 11.) At the same time, she filed a complaint in the Territorial Court against the Government of the Virgin Islands ("Government") and Dr. Morgan, together with a motion to file a claim out of time pursuant to the Virgin Islands Tort Claims Act ("Tort Claims Act"), V.I. Code Ann. tit. 33, § 3409(c). (Id. at 14–17.)

The trial court denied Daniel's motion for leave to file a late claim on May 19, 1992. (Id. at 51.) On May 27, 1992, appellant filed a motion for reconsideration. This motion was denied on June 11, 1992. (Id. at 71.) On June 5, 1992, Daniel filed a motion to amend complaint. (Id. at 77.) The trial court denied this motion on June 10, 1992. (Id. at 80.)

## II. ISSUES ON APPEAL

(1) Whether the trial court abused its discretion by denying Daniel's motion for leave to file a late notice of claim and motion for reconsideration.

(2) Whether the trial court abused its discretion by denying Daniel's motion to amend the complaint.

## III. JURISDICTION AND STANDARD OF REVIEW

■ This court has subject matter jurisdiction over this appeal pursuant to V.I. Code Ann. tit. 4, § 33.[1] On review, we are asked to consider whether the trial court erred by denying appellant's motions to file a late notice of claim and to amend the complaint. Because the trial court had discretion over these motions in the first instance, the standard of review is for an abuse of discretion. See, e.g., Pickering v. David, 22 V.I. 105, 106 (Terr. Ct. 1986).

---

[1] This section of the Code vests the District Court of the Virgin Islands with appellate jurisdiction over final judgments of the Territorial Court. See Creque v. Roebuck 16 V.I. 225, 227 (Terr. Ct. 1979). Appellee contends that this court lacks jurisdiction because the trial court dismissed the action for lack of jurisdiction. However, the issue here is whether the trial court abused its discretion by denying appellant's motions. This court clearly has jurisdiction to review whether the lower court abused its discretion.

## IV. DISCUSSION

A. *Tort Claims Act*

Section 3409(c) of the Tort Claims Act requires a tort claim against the Government, or notice of intention to file a claim, to be filed within 90 days after the accrual of the claim. V.I. Code tit. 33, § 3409(c) (Butterworth 1993 Supp.). This section also grants the court discretion to allow a claimant two years in which to file a claim, if the claimant failed to file within the requisite 90 days. There are three statutory requirements for filing late claims. The claimant must show: (1) a reasonable excuse for her failure to file within the proper time period; (2) that the Government had actual notice of the facts constituting the claim within the initial filing deadline; and (3) that the late filing will not substantially prejudice the Government. See In re Steele, 9 V.I. 332, 334–35 (D.V.I. 1973); Pickering, 22 V.I. at 108–09.

Daniel asserts that the trial court abused its discretion by denying her motion for leave to file a late claim because the Government had actual notice of her claim from the hospital records, the Government is not substantially prejudiced by the late filing, and appellant was not aware of her claim until she saw Dr. Pedersen in November 1991. In the alternative, Daniel argues that she timely filed her notice of claim since it was filed within ninety days of the "discovery" of her cause of action. As will be explained below, we find substantial merit in the latter of these two arguments.

Daniel argues that she first "discovered" that her knee condition was probably due to Dr. Morgan's failure to administer proper antibiotics on November 21, 1991. She asserts that her claim accrued as of that date, and accordingly, her notice of tort claim, which was mailed to the Office of the Governor on January 13, 1992, was timely filed within 90 days after accrual of her claim.

Appellant urges this court to adopt the discovery rule for purposes of the Tort Claims Act, according to which a cause of action does not accrue until the plaintiff knows the existence and cause of her injury. See Phillip v. Taylor, 18 V.I. 437, 440 (D.V.I. 1981) (tolling the statute of limitations for medical malpractice actions); Moore head v. Miller, 21 V.I. 79, 83–85 (D.V.I. 1984) (applying the discovery rule to legal malpractice actions). Daniel largely relies upon the language of section 3409(c) which states in relevant part: "a claim to recover damages for . . . personal injury . . . should be filed

137

within 90 days after the *accrual* of such claim. . . ." V.I. Code Ann. tit. 33, § 3409(c) (emphasis added).

This court must decide what the legislature intended when it prescribed that the ninety-day filing period would begin as of the "accrual" of a claim. Ordinarily, this issue easily might be resolved by reference to the statute's legislative history or its plain language. In this instance, we are without guidance from the legislature because no reports or hearings were recorded regarding the 1971 amendments to the Tort Claims Act. Moreover, this issue depends upon the meaning of the word "accrual," which is not plainly evident from the statute itself. Thus, we must rely upon case law for guidance.

Daniel argues that Lukey v. Int'l Paint Co., Inc., 24 V.I. 300 (D.V.I. 1989), is an analogous case. In Lukey, this Court applied the discovery rule to toll the limitations period on the plaintiff's tort action against a paint manufacturer. Id. at 301–02. However, this case is not particularly instructive because it did not involve a claim against the Government. The issue here concerns the Tort Claims Act which provides a narrow exception to the Government's immunity from suit. Viewed in this context, we find United States v. Kubrick, 444 U.S. 111 (1979), to be more helpful.

In Kubrick, the Supreme Court addressed the question of whether a claim "accrues" within the meaning of the Federal Tort Claims Act, 28 U.S.C. § 2401(b), when the plaintiff knows both the existence and the cause of injury or at a later time when he also knows that the acts inflicting the injury may constitute medical malpractice. 444 U.S. at 113.[2] Although the applicable filing period under the federal statute is two years[3] (in contrast to the 90 day filing period here), the Supreme Court's decision in Zubrick is on point here. The Court held that "accrual" of a tort claim against the

---

[2] Kubrick's reasoning was adopted by this Court in Phillip v. Taylor, supra, where we concluded that a medical malpractice claim pursuant to the Malpractice Act does not accrue before the plaintiff knows the existence and cause of his injury. 18 V.I. at 440.

[3] Section 2401(b) of the Federal Tort Claims Act provides as follows:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of denial of the claim by the agency to which it was presented.

28 U.S.C.A. § 2401(b) (West 1978 & 1993 Supp.).

federal government commenced when a plaintiff knows the existence and cause of her injury, and then can protect herself by seeking advice in the medical and legal community. In so holding, the Court reasoned that "the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain." Id. at 122. Thus, a plaintiff's cause of action begins to run once she is in possession of the "critical facts" that she has been hurt and who has inflicted the injury.

██ Based on Kubrick, we find that a claim under the Tort laims Act accrues from the time a plaintiff is aware of her injury and its cause. In this case, Daniel received treatment from Dr. Morgan on April 15, 1990. She then visited Dr. Pedersen for the first time on May 3, 1990 because her knee injury had not healed. Later that month, she traveled to New York for further treatment. However, it was not until November 1991 when Daniel first learned about the possible cause of her continuing knee injury from Dr. Pedersen. On this record, we conclude that Daniel's claim accrued as of November 21, 1991 when Dr. Pedersen informed her that her continuing knee injury may have been caused by Dr. Morgan's failure to administer antibiotics when she was first treated in April 1990. Thus, Daniel's notice of tort claim, mailed to the Office of the Governor on January 13, 1992, was timely filed under the Tort Claims Act.

The Government contends that even if Daniel's notice of tort claim was timely filed, the trial court was without jurisdiction over this action. On January 14, 1992, one day after notifying the Government of her tort claim, Daniel filed a Territorial Court complaint together with a motion to file a claim out of time. The lower court denied appellant's motion to file a late notice of claim because it found that she failed to satisfy the statutory requirements of the Tort Claims Act. Daniel, slip op. at 3–4.[4] Having now decided that Daniel's claim was timely filed in the first instance, we will vacate the trial court's order denying the motion to file a late notice of claim, and the motion for reconsideration, and deem Daniel's complaint timely filed as of January 14, 1992. See Richards v. Gov't of the Virgin Islands, 10 V.I. 6, 8 (D.V.I. 1973) (Tort Claims Act contemplates filings with both the government and the court within 90 days).

---

[4] The full text of this slip opinion appears at pages 53 through 58 of the Appendix.

## B. *Motion to Amend Complaint Against Dr. Morgan*

Because the trial court denied Daniel's motion to file a late tort claim, it did not address appellee's motion to dismiss the malpractice action against Dr. Morgan.[5] After the court filed its May 14, 1992 opinion and an order denying appellant's reconsideration motion, Daniel filed a motion to amend her malpractice complaint. Daniel's motion was made in an attempt to more specifically state her cause of action against Dr. Morgan in his individual capacity.[6] This motion was denied.

■ Appellant contends that the trial court abused its discretion by denying her the opportunity to amend her complaint pursuant to Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure encourage, and indeed provide, a liberal policy for amending pleadings. Under Rule 15(a), leave to amend a pleading "shall be freely given when justice so requires." The decision whether to grant or deny such a request rests within the court's discretion. See Foman v. Davis, 371 U.S. 178, 182 (1962). The court is guided by the policy that a party ought to be afforded an opportunity to test its claim on the merits. Id. There are several factors which a court may consider in evaluating a motion to amend, including delay in bringing the motion, prejudice to the opposing party, and futility of the amendment. Id.; see Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1203 (3d Cir. 1989), cert. denied, 493 U.S. 1023 (1990). Of these factors, per-

---

[5] At the conclusion of its opinion denying Daniel's motion to file a late notice of tort claim, the trial court stated as follows:

The defendants have not only opposed the motion to file a notice of claim out of time but have also moved to dismiss the complaint on account of the plaintiff's failure to comply with the mandate of 27 V.I.C. § 166i. That provision requires that a medical malpractice claimant file a proposed complaint with the Medical Malpractice Review Committee before the actual filing of the complaint in court. The Committee has 90 days within which to review the claim. Here, the proposed complaint was filed with the Commissioner of Health on the same day it was filed with the Territorial Court. In view of the denial of the motion for leave to file a late claim, however, the Court need not rule on defendant's motion to dismiss.

[6] In Davis v. Knudsen-Hansen Memorial Hosp., 635 F.2d 179, 186 (3d Cir. 1980), the Third Circuit rejected the contention that the grant by Congress of sovereign immunity in section 2(b) of the Organic Act protected employees of the Virgin Islands government sued in their individual capacity. Thus, appellant presumably can maintain an action against Dr. Morgan in his individual capacity.

140

haps the most important and the most frequent reason for denying leave to amend is prejudice to the opposing party. See 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1487 at 613 (1971).

 In this case, we conclude that the trial court abused its discretion in denying appellant's motion to amend the complaint. Inasmuch as the amended complaint alleges an individual claim against Dr. Morgan who was already a named defendant from the inception of this action, there is no real prejudice to this defendant in granting leave to amend. Moreover, appellant is not seeking to add a new claim against Dr. Morgan, but merely to set out her malpractice claim with greater specificity. In addition, because this action arises out of the identical operative facts as the initial complaint, the amendment does not substantially change the theory on which the case has been proceeding nor would the appellee be required to engage in significant new preparation of this case for trial.

Although this court is granting appellant leave to file an amended complaint, we are not faced with the issue of whether Daniel complied with the Malpractice Act requirements in her action against Dr. Morgan.[7] That issue is properly the subject of a motion (or renewed motion) made before the trial court in the first instance.

## V. CONCLUSION

For the foregoing reasons, the trial court's May 19, 1992 and May 27, 1992 orders are vacated and Daniel's complaint will be deemed timely filed as of January 14, 1992. The order dated June 5, 1992 denying the motion to amend is reversed, and the Amended Complaint will be deemed filed. An appropriate order will be entered.

---

[7] In Saludes v. Ramos, 744 F.2d 992 (3d Cir. 1984), the Third Circuit addressed the relationship between the filing requirements of the Tort Claims Act and the Malpractice Act. The plaintiff in that case brought a motion to file a late claim under the Tort Claims Act on the grounds that his compliance with the Malpractice Act made it unnecessary for him to comply with the Tort Claims Act. The district court held that the plaintiff was not required to comply with the tort act in his malpractice action against the Government. The Third Circuit vacated this order. It held that a claimant seeking recovery against the Government for alleged malpractice must comply with the filing requirements of both the Malpractice Act and the Tort Claims Act.

141

## ORDER OF THE COURT

AND NOW, this 26th day of May 1994, after careful review of the record and having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT in accordance with the accompanying Opinion, the Orders of the Territorial Court of the Virgin Islands dated May 19, 1992 and May 27, 1992, and the Order dated June 5, 1992 denying the motion to amend are reversed. This matter is hereby remanded to the Territorial Court of the Virgin Islands with instructions to make necessary amendments to the record to comply with this Order, including permitting the inclusion of appellant's Amended Complaint, and to otherwise proceed to prompt and final resolution of this matter.