**JOSEPH E. JAMES, Plaintiff**

v.

**CLARENCE HENRY and ARTHUR EDNEY, Defendants**

Civil Action No. 57-1957

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

December 17, 1957

*See, also, 157 F. Supp. 226*

273

WARREN H. YOUNG, ESQ., Christiansted, Virgin Islands, *for plaintiff*

ALMERIC L. CHRISTIAN, ESQ., Christiansted, Virgin Islands, *for defendants*

MARIS, *Circuit Judge*

The defendants have moved to dismiss this action for damages to the plaintiff's automobile resulting from a collision with an automobile owned by the defendant Edney and being driven by the defendant Henry. The accident is alleged in the complaint to have been caused solely by the fault and negligence of the defendant Henry. The defendants in their motion allege that the action should be dismissed because it was not brought within the period of time limited by law which they assert is two years after the cause of action arose. The plaintiff on the other hand argues that the statute applicable to such a suit as this permits it to be brought within six years after that event. It appears from the complaint that the suit in this case was brought on September 4, 1957, while the accident out of which the cause of action arose took place on July 24, 1955.

The statutory provisions involved are paragraphs (3) (D) and (5) (A) of section 31 of Title 5 of the Virgin Islands Code which came into force on September 1, 1957, and which were taken without material change from para-

graphs (B) Fourth and. (D) First of section 2 of chapter 2 of Title 3 of the former (1921) Codes of St. Croix and St. Thomas and St. John which were in turn derived from sections 838 and 840 of the Compiled Laws of the Territory of Alaska, 1913; Burch v. Burch, 3 Cir., 1952 (2 V.I. 559, 571), 195 F.2d 799, 805, and are, therefore, to be interpreted in the light of the Alaska law. Burch v. Burch, 3 Cir., 1952 (2 V.I. 559, 580), 195 F.2d 799, 811. The relevant provisions of the Code are as follows:

"§ 31. Time for commencement of various actions

"Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:

\* \* \*

"(3) Six years —

\* \* \*

"(D) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof.

\* \* \*

"(5) Two years —

"(A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated. . . ."

█ If this is an "action for . . . injuring personal property" within the meaning of paragraph (3)(D) of section 31 the action was timely brought since that paragraph allows six years in which to bring it. But if not it is barred by paragraph (5)(A) which allows only two years to bring "an action . . . for any injury to the . . . rights of another not arising on contract and not herein especially enumerated." I am satisfied that the specific limitation of six years imposed by 5 V.I.C. sec. 31(3)(D) is applicable to the present case rather than the two years general limitation of 5 V.I.C. sec. 31(5)(A). For

275

the plaintiff's automobile, a chattel, was unquestionably personal property and this action was brought for injuring that personal property by force which was directly applied to it by the defendants' automobile in the collision.

I reach this conclusion after considering the Oregon cases construing the statutes of limitations of that state from which the Alaska statutes were taken upon which ours were modeled and which are accordingly to be interpreted in the light of those cases. Alaska Credit Bureau of Juneau v. Fenner, D.C. Alaska 1948, 80 F. Supp. 7, 11. Those cases hold that a suit for damages for a tortious injury to a chattel is an action for injuring personal property within the meaning of the six years statute if it is committed by force, while a suit to redress an injury to the plaintiff's rights in personal property which is not committed by force is not such an action but falls within the two years statute as being an action for an injury to the rights of another not especially enumerated elsewhere in the statute. Dalton v. Kelsey, 1911, 58 Or. 244, 114 Pac. 464; Brown v. Jones, 1929, 130 Or. 424, 278 Pac. 981; Goodman v. Fernald, 1936, 154 Or. 654, 61 P.2d 1253. The distinction is applicable to our statute, 5 V.I.C. sec. 31, and is controlling in this case.

An order will be entered denying the motion to dismiss and giving the defendants 20 days in which to file their answer to the complaint.