**RUTHLYN WHITE, Plaintiff**

v.

**S & E BAKERY, INC., T & P CASH AND CARRY, INC. AND BORDEN INTERAMERICA, Defendants**

Civil No. 806/1990

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 28, 1991

SUSAN BRUCH MOOREHEAD, ESQ. (GRUNERT, STOUT, MOORE & BRUCH), St. Thomas, V.I., *for plaintiff*

WILFREDO A. GEIGEL, ESQ. (LAW OFFICES OF WILFREDO A. GEIGEL), St. Croix, V.I., *for defendants T & P Cash and Carry and Borden InterAmerica*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

The question raised by Defendants' Motion to Dismiss is Whether a complaint predicated on tortious conduct can survive a statute of limitations attack where it alleges separate claims for product liability, strict liability, breach of implied and express warranties, deceptive trade practices, and wanton disregard for the safety of the public.

For the reasons stated herein, the Court holds that the complaint sounds in both tort and contract, and therefore defendants' motion to dismiss will be granted as to those counts sounding in tort, but will be denied as to those counts sounding in contract.

Defendants contend that since the complaint alleges an action for injuries to a person, Plaintiff's complaint is barred under the two-year statute of limitation for torts under 5 V.I.C. 31(a). The complaint alleges that Plaintiff was injured on September 23, 1986. Plaintiff filed this action for damages on September 12, 1990, almost four years later. Defendants argue that Plaintiff has tried to avoid limitations imposed by the statute by claiming product liability under the theory of warranties.

Plaintiff objects to the motion for dismissal arguing that the action is not controlled by the two-year statute of limitation but by the four-year statute of limitation under the Uniform Commercial Code or, alternatively, by the six-year statute of limitations for an action arising from Contract.

## FACTS

Plaintiff's complaint alleges five counts against Defendants for injuries Plaintiff incurred when she drank the contents of a can of fa-

mosa pear nectar which she purchased from defendant, S & E BAKERY, INC. The pear nectar was distributed and sold to S & E BAKERY by defendant, T & P CASH AND CARRY. Defendant, BORDEN INTERAMERICA, INC., processed, manufactured, canned, packaged, and produced the nectar which was offered and sold to T & P CASH AND CARRY. In Count I, Plaintiff alleges that the product was defective, containing bacteria, not fit for human consumption, and that Defendants breached their duties to Plaintiff which breach was the direct and proximate cause of Plaintiff's injuries. Count II alleges that Defendants are strictly liable for Plaintiff's injuries. Count III alleges that Defendants breached express and implied warranties that the nectar was fit and suitable for human consumption and was merchantable. Count IV alleges that Defendants engaged in deceptive trade practices and Count V alleges that Defendants' conduct was in wanton disregard for the safety of the public and punitive damages should be awarded.

## DISCUSSION

This Court will examine the allegations made in each of the five counts to determine whether the complaint sounds in tort, contract, or both, and then determine what statute of limitation ought to be applied.

■ Count I alleges an action in products liability. "The law of products liability had its origin in both tort law and contract law." Am Law Prod. Liab. 3d Section 1:4. Privity of contract with the manufacturer or seller used to be a necessary element in order to recover; however, the privity requirement in negligence cases was virtually eliminated beginning with the landmark New York case of Mac Pherson v. Buick Motor Co., 217 N.Y. 382, 111 NE 1050 (1916). Currently, products liability is the name currently given to the area of case law involving the liability of sellers of Chattels to third persons with whom they are not in privity of contract. W. Prosser, Law of Torts 641(4th ed. 1971). Because privity of contract is no longer an element in products liability, it sounds in tort, not in contract, and therefore Count I should be governed by the two-year statute of limitation under 5 V.I.C. 31(a).

■ Count II alleges strict liability and like product liability constitutes an action not in contract but in tort law. The premise upon which strict liability is founded—that the Defendant is liable regardless of whether he exercised due care—is based on tort theory. "The

considerable majority of the American Jurisdictions have extended strict liability to the ultimate consumer even in the absence of privity of contract, either upon the theory of an implied warranty to the consumer by implication of law, or more lately, on the basis of outright strict liability in tort." Prosser, Law of Torts 539; Am Law Prod. Liab. 3d Section 1:4. A person who alleges injury caused by a defective product delivered by the manufacturer or seller may not only sue for breach of express or implied warranties under the UCC, or sue in negligence, but may also bring an action seeking to enforce strict tort liability against the manufacturer or seller. Id. Thus, Count II sounds in tort law and is also barred by the two-year statute of limitations.

■ Count III alleges breach of implied and express warranties. Because the purchase of the pear nectar by Plaintiff constituted a "contract for the sale of goods" within the meaning of the UCC section 2—106, Count III is governed by Title 11A V.I.C. Article 2. A "sale" consists in the passing of title from the seller to the buyer for a price. See section 2—401. Express and implied warranties are discussed in 11A 2—313 and 2—314 of the UCC, respectively. Title 11A 2—725 addresses the issue of when to file an action for Breach of Contract. Title 11A 2—725(1) specifically states that "an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." 11A 2—725(2) states that "a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Based on 2—725, Count III of Plaintiff's complaint was timely filed. The breach allegedly occurred on September 23, 1986, and the complaint was filed on September 12, 1990, eleven days before the expiration of the four-year statute of limitations under the UCC Title 11A 2—725(1). Moreover, pursuant to 5 V.I.C. Section 31(3), an action upon a contract, express or implied, has a six-year statute of limitation. Plaintiff's action for breach of express or implied warranties falls under section 2—725 and qualifies also under the six-year limitation of the Virgin Islands Code.

■ Count IV alleges deceptive trade practice by Defendants. Pursuant to 12A V.I.C. 102(a), deceptive trade practice means "any false, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind made in connection with the sale . . . of consumer goods or services . . ." Based on the language of the code, an action for deceptive trade practice

arises from a contract of sale of consumer goods or services. Therefore, Count IV is an action arising from contract and is governed by the six-year statute of limitation.

■ Count V alleges the wanton disregard for the safety of the public and seeks punitive damages. Punitive damages are not awarded in contract cases unless the conduct constituting the breach is also a tort. Calamari, Contracts 2nd Ed. Section 14-3 (1977). Since the Defendants alleged conduct constitutes a tort for which punitive damages are recoverable, any such tort action is barred by the two-year statute of limitations. George v. Hertz Rent-A-Car, 17 V.I. 245 (Terr. Ct. St.T. and St.J. 1981).

## CONCLUSION

■■ In light of the foregoing, Plaintiff's complaint sounds in both tort and contract. Thus, the Motion to dismiss with respect to those counts sounding in tort (Counts I, II, and V) will be granted, and the Motion to Dismiss with respect to those counts sounding in contract (Counts III and IV) will be denied.

## ORDER

This matter is before the Court on the motion of defendants, T & P CASH AND CARRY, INC. and BORDEN INTERAMERICA to dismiss plaintiff's complaint on the grounds that it is barred by the statute of limitation.

In accordance with the Memorandum Opinion of even date, it is hereby,

ORDERED, that defendant's Motion to Dismiss Counts I, II and V of the complaint is Granted, and Counts I, II and V of plaintiff's complaint are hereby Dismissed, and it is further,

ORDERED, that defendants' motion to dismiss Counts III and IV of the complaint is Denied.