**CECILIA PAYNE, INDIVIDUALLY, and as personal representative
of the ESTATE OF CELEICA JONELLE PAYNE, Plaintiffs
v.
GOVERNMENT OF THE VIRGIN ISLANDS,
NURSE MARLA THOMAS, DR. FRANCISCA J. ALONSO,
and DR. VALDAPALLI, Defendants**

Civil No. 526/2001

Territorial Court for the Virgin Islands

Division of St. Croix

March 26, 2002

213

 

LEE J. ROHN, ESQ., Christiansted, St. Croix, U.S. Virgin Islands, *Counsel for Plaintiff*

WILFREDO A. GEIGEL, ESQ., Gallows Bay, St. Croix, U.S. Virgin Islands, *Counsel for Defendants*

ROSS, *Judge*

## MEMORANDUM OPINION

(March 26, 2002)

THIS MATTER came before the Court on Defendant Dr. Francisca Alonso's ("Dr. Alonso") motion to dismiss for Plaintiffs' failure to comply with the jurisdictional pre-filing procedures and failure to file their cause of action within the time period prescribed by law. Plaintiffs assert that their action was properly filed within the two-year statute of limitations, pursuant to 27 V.I.C. § 166d, because the discovery rule tolled the running of the statute. For the following reasons the Court will grant Defendant's motion to dismiss.

### Factual Background

Plaintiff Cecilia Payne ("Payne") was admitted to the Juan F. Luis Hospital ("Hospital") for the delivery of her child on June 25, 1998. Plaintiffs were discharged from the hospital on June 27, 1998. Prior to the discharge, Payne alleges that Dr. Francisca J. Alonso, an employee of the hospital, told her that the EKG tests performed on the baby for possible heart murmurs were negative. On July 1, 1998, Payne brought the baby back to the hospital fearing something was wrong. Nurse Maria Thomas ("Thomas"), a nurse employed at the hospital attended to the baby. Payne alleges that Thomas told her that nothing was wrong and to take the baby home. On July 2, 1998, Payne returned to the hospital with the baby and this time Thomas and another Doctor, employed by the hospital, attended to the baby. The baby died while at the hospital on July 2, 1998.

On August 12, 1998, Payne made a request for the baby's medical records. On August 21, 1998, Payne received the baby's autopsy report. However, she did not receive the medical records until October 30, 1998 after making several requests. Payne, through her legal counsel, sent the medical report to an expert agency so that an opinion as to whether malpractice was involved may be rendered. However, the expert stated that an opinion as to malpractice could not be issued until reviewing a report from a pediatric cardiologist specialist regarding the baby's death.

On January 4, 2000, Payne sent all relevant materials to John B. Tinglestad, M.D. ("Dr. Tinglestad")—a pediatric cardiologist specialist. On February 22, 2000, Dr. Tinglestad, in his report, "indicated that had the baby been properly diagnosed and treated she would have likely survived." *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss, p. 3 *(citing* Plaintiffs' Exhibit 14—Report of John B. Tinglestad, M.D.). Payne then sent Dr. Tinglestad's report to the expert agency, and on July 5, 2000 received an expert report concluding that medical malpractice had occurred resulting in the baby's death. It is this date that Plaintiffs contend starts the running of the statute of limitations. Thereafter, Plaintiffs filed their proposed verified complaint with the Committee, filed their notice of intent, and served a copy on the Attorney General on July 28, 2000, and they filed their lawsuit on August 21, 2001.

Defendants assert that the statute of limitations began to run on July 2, 1998, and as a result, Plaintiffs filed their action outside the statute of limitations period enumerated in 27 V.I.C. § 166d. Consequently, Defendants filed their motion to dismiss.

Plaintiffs oppose the motion to dismiss on several grounds:

(1) that the statute of limitations began to run on July 5, 2000;

(2) that if the case accrued before July 5, 2000, the statute of limitations was equitably tolled due to Defendants' failure to provide medical records in a timely fashion;

(3) that the statute of limitations was statutorily tolled because Defendants knew of their malpractice but failed to advise Plaintiffs of it; and

(4) that the statute of limitations was statutorily tolled when a proposed verified complaint was filed with the Committee.

## Discussion

In 27 V.I.C. § 166i, the Legislature enumerated certain jurisdictional pre-filing procedures a claimant must satisfy before the Court can have subject matter jurisdiction over a claim for medical malpractice against a health care provider under the Health Care Provider Malpractice Act ("Malpractice Act"). To that end, these pre-filing procedures must have strict adherence. *See Saludes v. Ramos*, 744 F.2d 992 (3d Cir. 1984).

To be in compliance, a claimant must first file a verified proposed complaint with the Malpractice Action Review Committee ("Committee") and second, wait 90 days before filing the complaint in court. However, this 90-day waiting period does not toll the statute of limitations period found in 27 V.I.C. § 166d. *See Larrabee v. Government of the Virgin Islands*, 30 V.I. 36 (Terr. Ct. 1994). 27 V.I.C. § 166d explicitly states: no claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered unless filed within two years from the date of the alleged act, omission, or neglect. Nonetheless, the section codifies two exceptions: (1) when the injury results from a foreign object being left in the patient's body or (2) when the health care provider acts in bad faith. *See Phillips v. Taylor*, 18 V.I. 437 (Terr. Ct. 1981); *See also Daniels v. Government of the Virgin Islands*, 30 V.I. 134 (Terr. Ct. 1994).

Plaintiffs contend that the statute of limitations began to run July 5, 2000 when they received the export report indicating that medical malpractice was the cause of the baby's death. Defendant objects and argues that the statute of limitations began to run on July 2, 1998 when the baby was treated at the hospital. Herein, there has been no allegation that a foreign object was left in the baby's body. However, Plaintiffs have alleged that Defendants failed to provide medical records in a timely fashion, and as a result, the statute of limitations was equitably tolled. A review of the record indicates that Plaintiffs requested the medical records on August 12, 1998, and on October 26, 1998, and they received them on October 30, 1998. The Court does not view that time period as such a significant or unreasonable delay under the circumstances so as to have a negative prejudicial impact on Plaintiffs' claim and warrant equitable tolling of the statute of limitations. Thus, the statute of limitations began to run on July 2, 1998 when the baby was treated.

■ Plaintiffs further argue that the statute of limitations was statutorily tolled because Defendant knew of her malpractice and failed to advise Plaintiffs. This claim lacks merit. The Third Circuit Court of Appeals has held that the query in fraudulent concealment cases is whether there is evidence that the defendant took affirmative steps to conceal the wrongful conduct and that there must be actual concealment. *See Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773 (3d Cir. 2001). To that end, in the present case, Plaintiffs have offered no evidence, and the record does not indicate that the Defendant knew of any alleged medical malpractice, which she actually concealed from the Plaintiffs.

■ Finally, Plaintiffs and, surprisingly so does the Defendant, argue that the statute of limitations is statutorily tolled when a verified proposed complaint is filed with the Committee. This is a misstatement of law. The statute of limitations is not tolled when a verified proposed complaint is filed with the Committee. *See Larrabee.*

## Conclusion

Accordingly, because Plaintiffs' claim does not fall within one of the recognized exceptions to the statute of limitations period for medical malpractice claims, the statute of limitations for Plaintiffs claim began to run on July 2, 1998 when the baby was treated. Therefore, when Plaintiffs filed their verified proposed complaint with the Committee on July 28, 2000 they failed to comply with the jurisdictional pre-filing procedures of the Malpractice Act. Moreover, their complaint filed with the court on August 21, 2001, was filed outside the applicable statute of limitations period in 27 V.I.C. § 166d. Thus, this Court lacks subject matter jurisdiction and must grant Defendant Dr. Alonso's motion to dismiss.