**JOHN HYPOLITE and ASTRID HYPOLITE, Plaintiffs**

**v.**

**MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. and VIRGIN ISLANDS CEMENT AND BUILDING PRODUCTS, INC., Defendants**

Civil No.: ST-08-CV-591

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

October 5, 2009

175

LEE J. ROHM, ESQ., Law Offices of Rohn and Carpenter, L.L.C., USVI, *For the Plaintiffs.*

CHAD C. MESSIER, ESQ., RUTH MILLER, ESQ., Dudley, Topper and Feuerzeig, L.L.P., St. Thomas, USVI, *For the Defendants.*

HOLLAR, *Judge*

## MEMORANDUM OPINION

(October 5, 2009)

This matter came before this Court on Defendants' Motion to Dismiss dated January 12, 2009 with Memorandum of Law in support thereof. Plaintiffs filed an Opposition to the Defendants' 12(b)(6) Motion to Dismiss on February 17, 2009. The Defendants filed a Reply Memorandum of Law dated March 2, 2009.

## I. FACTS AND PROCEDURAL POSTURE

On *September 8, 2008*, Plaintiffs filed a complaint in the *District Court of the Virgin Islands* against the following parent companies of Defendants: **Marriott Ownership Resorts, Inc., Marriott International, Inc., Marriott International Resorts, L.P., Marriott International Construction Services, Inc., Marriott International Design & Construction Services, Inc., Devcon International, Corp., and Devcon (TCI), Ltd**. The complaint alleges that the named Defendants are all liable to Plaintiffs for personal injuries sustained "on or about *September 18, 2006.*" The complaint further alleges that Plaintiff John Hypolite, on September 18, 2006, was a business invitee on the Marriott Frenchman's Cove[1] construction job site premises and that at some point while driving his vehicle in a prudent and lawful manner and attempting to negotiate roads provided by the Defendants for ingress and egress, Plaintiff lost control of his vehicle due to "loose material," thereby causing a serious accident resulting in personal injury to the Plaintiff(s).

---

[1] In paragraph no. 5 of the December 1, 2008 Complaint filed in the Superior Court, Plaintiffs allege that "Defendant MORI St. Thomas owned, controlled, developed and operated the Marriott property located in St. Thomas, U.S. Virgin Islands including the property commonly referred to as Marriott Frenchman's Cove on September 18, 2006." However, in paragraph no. 10 of the September 8, 2008 Complaint filed in the District Court, Plaintiffs allege that defendants MORI, Marriott Int'l, and Marriott Int'l LP owned, controlled, and operated the Marriott property located in St. Thomas, U.S. Virgin Islands including the property commonly referred to as Marriot Frenchman's Cove on September 18, 2006.

Plaintiff Astrid Hypolite, the wife of John Hypolite, contends that she suffered the loss of spousal consortium as a result of the injuries sustained by her husband. Plaintiffs also request reimbursement for property damage sustained to their vehicle and loss of use of the same. Moreover, Plaintiffs' prayer for relief requests damages including but not limited to punitive damages, pre and post judgment interest, costs, fees and such other relief deemed just and equitable by the Court. The claim against the parent companies in the District Court is still pending.

Next, on *December 1, 2008*, Plaintiffs filed an almost identical complaint in the Superior Court of the Virgin Islands against **Defendants Marriott Ownership Resorts (St. Thomas), Inc. and Virgin Islands Cement and Building Products, Inc**. The only difference is that the sole Defendants, Marriott Ownership Resorts (St. Thomas), Inc. and Virgin Islands Cement and Building Products, Inc., were not named in the action filed on September 8, 2008 in the District Court of the Virgin Islands.

On January 12, 2009, Defendants Marriott Ownership Resorts (St. Thomas), Inc. and Virgin Islands Cement and Building Products, Inc. filed a motion to dismiss along with a memorandum of law in support thereof requesting the dismissal of Plaintiffs' claims filed against them in the Superior Court pursuant to FED. R. CIV. P. 12(b)(6) and 5 V.I.C. § 31(5) for failure to file claims within the statute of limitations. On February 17, 2009, Plaintiffs filed an Opposition to Defendants motion to dismiss stating that the Court must deny the motion to dismiss based on equitable tolling of the statute of limitations. Defendants filed a Reply on March 2, 2009.

## II. STANDARD OF REVIEW FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to slate a claim upon which relief may be granted. *Bostic v. AT & T of the Virgin Islands*, 166 F. Supp. 2d 350 (D.V.I. 2001). "In considering a *Rule 12(b)(6)* motion, the Court may dismiss a complaint if it appears certain the plaintiff cannot prove any set of facts in support of its claims which would entitle it to relief." *Mruz v. Caring, Inc.*, 39 F. Supp. 2d 495, 500 (D.N.J. 1999) (Orlofsky, J.) (citing *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988)).

"While all well-pled allegations are accepted as true and reasonable inferences are drawn in the plaintiff's favor, the Court may dismiss a

complaint where, under any set of facts which could be shown to be consistent with a complaint, the plaintiff is not entitled to relief." *Id.* (citing *Gomez v. Toledo*, 446 U.S. 635, 636, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980); *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Conley v. Gibson.* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Finally, Rule 12(b)(6) authorizes a court to dismiss a claim on a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

"A 'Motion to Dismiss' pursuant to FED. R. CIV. P. 12(b)(6) tests the complaint's sufficiency against preliminary defenses." *Burton v. First Bank of Puerto Rico*, 49 V.I. 16, 18 (Super. Ct. 2007). The defense of failure to comply with the applicable statute of limitations is generally raised as an affirmative defense. *See* FED. R. CIV. P. 8. If, however, the relevant facts necessary to test the timeliness of a complaint are readily apparent, that timeliness may be challenged by motion to dismiss. *Burton*, 49 V.I. at 20.

## III. ANALYSIS

The issues to be resolved by this court are: (1) whether Plaintiffs' December 1, 2008 complaint was filed within the applicable statute of limitations; and (2) whether the equitable tolling doctrine is applicable in the instant matter and therefore circumvents dismissal.

### A. Plaintiffs' December 1, 2008 complaint was *not* filed within the applicable statute of limitations.

The Plaintiffs filed a complaint on December 1, 2008 requesting damages as a result of personal injuries and property damages sustained due to the negligence of the Defendants. The Defendants responded by filing a motion to dismiss the Plaintiffs' claims, pursuant to FED. R. CIV. P. 12(b)(6) and 5 V.I.C. § 31(5)(A), for failure to file claims within the statutory period. Specifically, Defendants contend that Plaintiffs' claims are barred by a two (2) year statute of limitations. Because the determination of the statute of limitations issue may moot the issues raised in the complaint, the question regarding the applicable statute of limitations should be addressed first.

■ It is well-settled that the statute of limitations on a cause of action generally begins to run when the cause of action accrued. *In re Tutu Wells*, 846 F. Supp. 1243, 1255, 29 V.I. 41, 57 (D.C. V.I. 1993). In other words, the statute of limitations on any cause of action generally begins to run on the occurrence of the essential facts that give rise to that cause of action. *Id.* According to 5 V.I.C § 31(5)(A), there is a two (2) year statute of limitations for "[a]n action . . . for *any injury to the person or rights of another not arising on contract* and not herein especially enumerated, . . ." Therefore, a claim for personal injuries that is brought beyond the two-year period is barred by the statute of limitations. *White v. S & E Bakery, Inc.*, 26 V.I. 87 (1991).

In the case *sub judice*, Plaintiff John Hypolite alleges he sustained personal injuries due to the negligence of the Defendants "on or about September 18, 2006." He readily admits that the cause of action accrued as of that date. Given the statutory requirement outlined in 5 V.I.C § 31(5)(A), Plaintiffs were required to bring their cause of action within a two (2) year statute of limitations. Plaintiffs filed their complaint in the Superior Court of the Virgin Islands against the Defendants on December 1, 2008 and as such, did not file their *personal injury* claim within the applicable statute of limitations. Notwithstanding the fact that the action for personal injury is time-barred, Plaintiffs' action and/or claim for personal *property damage*, to wit: damage to their vehicle, *is* timely under 5 V.I.C § 31 (3)(D).[2] (*See also, James v. Henry*, 3 V.I. 273, 157 F. Supp. 226 (D.C. V.I. 1957)). *Ergo*, Plaintiffs' personal injury claim, filed more than two years after the alleged incident, warrants dismissal under FED. R. CIV. P. 12(b)(6).

### B. The equitable tolling doctrine is not applicable in the instant matter and therefore cannot circumvent dismissal.

The second issue to be decided by this Court is whether the statute of limitations should be "tolled" under the equitable tolling doctrine. In *Island Insteel Systems, Inc., v. Waters*, 296 F.3d 200, 44 V.I. 389 (3d Cir. 2002), plaintiffs, trademark owners, brought an action against defendants, competitors, for allegedly infringing "Insteel" trade name, which referred

---

[2] Plaintiffs allege property damage to their vehicle and total loss of use of the same as a result of Defendants' negligence in paragraph no. 16 of the complaint dated December 1, 2008.

to panel system of building construction. *Id.* Plaintiffs filed suit in Puerto Rico on November 17, 1997, within the two-year statute of limitations. *Id.* On October 30, 1998, the Puerto Rico court dismissed the plaintiffs' complaint for lack of personal jurisdiction. *Id.* On January 28, 1999, the plaintiffs re-filed their action in the District Court of the Virgin Islands and the defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *Id.* Thereafter, the District Court of the Virgin Islands dismissed the plaintiffs' claims on the grounds that the same was time barred by the statute of limitations. *Id.* The plaintiffs appealed and the Third Circuit Court of Appeals vacated the District Court's order dismissing plaintiffs' claims as time-barred, and remanded the case to the District Court. *Id.* at 219. Significantly, the Third Circuit of Appeals held that application of the equitable tolling doctrine is generally committed to the discretion of the trial court. *Id.* at 218-219. However, the Court of Appeals for the Third Circuit found that the record was "not fully developed" and the available record did not "cut clearly in favor of plaintiffs or defendants." *Id.* at 218-219.

■ According to the *equitable tolling doctrine*, "the statute of limitations for a second action may be equitably tolled by the filing of a first action dismissed for lack of personal jurisdiction if: (1) the first action gave the defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; *and* (3) the plaintiffs acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action." *Island Insteel Systems*, 296 F.3d at 219.

■ This Court has dealt with applications for equitable tolling and has generally found equitable tolling not available if the claimant has failed to exercise due diligence in preserving his or her legal right whether the delay is attributable to the plaintiff's attorney, the plaintiff's excusable neglect, or the plaintiffs lack of legal knowledge. In *Payne v. Government of the Virgin Islands*, 44 V.I. 213 (Terr. Ct. V.I.), this Court held that the plaintiffs' claim did not fall within one of the recognized exceptions to the statute of limitations period for medical malpractice claims and the complaint was filed outside the applicable statute of limitations period. *Payne*, 44 V.I. at 217. Finding that it lacked subject matter jurisdiction, the court granted the defendant's motion to dismiss notwithstanding plaintiffs' application for equitable tolling. *Payne*, 44 V.I. at 217.

181

Similarly, in *Simmons v. Martinez*, 45 V.I. 278 (Terr. Ct. V.I.), the Court refrained from applying the equitable tolling doctrine since the facts in *Simmons* were almost identical to those recited in *Payne* and as such, the Court held that equitable tolling was not warranted.

Here, Plaintiffs contend that the equitable tolling doctrine applies when a plaintiff files a timely suit in a forum that is subsequently determined to lack jurisdiction. Additionally, Plaintiffs argue that equitable tolling is warranted because all three (3) "tolling" factors are present. Plaintiffs' contentions are three-fold: (i) Defendants had timely notice of the first action *when their parent corporations were timely served* with the first action in the District Court of the Virgin Islands, on September 8, 2008; (ii) the three (3) month lapse between Plaintiffs' first and second action filings, September 8, 2008 and December 1, 2008, respectively, will not prejudice the Defendants because Plaintiffs did not "sleep on their rights;" and (iii) the mere filings of both actions evidence Plaintiffs' good faith and diligence in prosecuting the first and second actions.

Notwithstanding Plaintiffs' contentions, the instant matter is not "on all fours" with *Island Insteel Systems, supra*, and departs from that case on certain issues. Unlike the plaintiffs in *Island Insteel Systems*, the Plaintiffs herein do not allege filing the first action in the wrong forum. The equitable tolling doctrine clearly states, "the statute of limitations for a second action may be equitably tolled by the filing of a *first action dismissed for lack of personal jurisdiction* . . ." Interestingly, Plaintiffs' first action in the District Court of the Virgin Islands is currently pending and has not been dismissed by either the Plaintiffs or the District Court. If in fact, Plaintiffs are contending they were unaware of the identity of the Defendants in this action until ninety (90) days after their initial filing in the District Court, they may have fared better by moving to amend the District Court complaint to add the two (2) Defendants in this case and request that the amendment "relate back" to the date of the complaint pursuant to FED. R. CIV. P. 15(c)(1)(C)(ii)[3] and pursuant to supplement jurisdiction pursuant to 28 U.S.C. § 1367.[4]

---

[3] FED. R. CIV. P. 15(c)(1)(C)(ii) states the following:

(c) RELATION BACK OF AMENDMENTS.

 (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

■■ Even if Plaintiffs alleged that the District Court was the wrong forum, before the Court can apply the equitable tolling doctrine **all three (3) tolling factors** must be present. In *Moravian School Advisory Bd. of St. Thomas, V.I., v. Rawlins, et al.*, 33 V.I. 280, 70 F.3d 270 (3d Cir. 1995), the issue before the court was whether the District Court of the Virgin *Islands*, when it lacks subject matter jurisdiction, may nonetheless *transfer* a cause to the Territorial Court of the Virgin Islands rather than dismiss it. *Id.* at 271. The Court of Appeals for the Third Circuit resoundingly concluded that a district court *must* dismiss the suit where *there is no colorable basis for exercising subject matter jurisdiction. Id.* at 271-272. Again, the action in the District Court has not been dismissed, as there is a colorable basis for the court to exercise personal *and* subject matter jurisdiction.

Plaintiffs first contend that the action filed on September 8, 2008 in the District Court gave Defendants timely notice of their claims. However, neither Defendant Marriott Ownership Resorts (St. Thomas), Inc. nor Virgin Islands Cement and Building Products, Inc. were served with notice of the action or were otherwise deemed parties to the first action. Instead, Plaintiffs served Defendants' parent corporations with the Summons and complaint in the first action that was filed in the District Court and those corporations were parties to that action. Although Plaintiffs concede that Defendants in this action were not named parties to the action filed on September 8, 2008 in the District Court of the Virgin Islands, Plaintiffs argue that Defendants had timely notice of the first action when their parent corporations were timely served. Thus, there is a question as to whether notice was imputed to Defendants Marriott Ownership Resorts (St. Thomas), Inc. and Virgin Islands Cement and Building Products. Inc. upon Plaintiffs' service of the first action on their parent corporations in the District Court of the Virgin Islands on September 8, 2008.

---

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule (m) for serving the summons and complaint, the party to be brought by amendment:

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

4 28 U.S.C. § 1367 was formerly referred to as "ancillary" and/or "pendent" jurisdiction.

## Parent And Subsidiary Corporations — "Separate Entity" Presumption

■ As between parent and subsidiary, there is presumption of separateness under Virgin Islands law, and plaintiff has heavy burden to overcome the presumption and establish liability of the parent corporation. *In re Tutu Wells*, 846 F. Supp. at 1261. *See also Mellon Bank, N.A. v. The Committee of Unsecured Creditors*, 945 F.2d 635, 643 (3d. Cir. 1991) (*stating "there is a presumption that a corporation, even when if is a wholly owned subsidiary of another, is a separate entity."*) To warrant disregard of corporate separateness under Virgin Islands law, plaintiff must show more than that the parent owns the majority or all of the stock of the subsidiary and more than that officers, directors and managers are identical; there must be showing that the parent intended to defraud or to escape liability, or that the parent exercised such dominion over finances, policies, and practices that the controlled corporation has no separate mind, will, or existence of its own and is but a conduit for principal. *In re Tutu Wells*, 846 F. Supp. at 1261. Only upon such a showing, corporate separateness between the parent and subsidiary *may* be disregarded. *Id.*

■ In the case *sub judice*, Plaintiffs have not demonstrated why corporate separateness between the parent corporations listed in the September 8, 2008 District Court action and Defendants should be disregarded. Additionally, Plaintiffs have tailed to support their contention that Defendants had timely notice of the first action when their parent corporations were timely served. Defendants were neither served with notice of nor joined as parties to the Plaintiffs' first action. Therefore, absent Plaintiffs demonstrating otherwise, Defendants cannot be deemed to have had notice of Plaintiffs' first action in the District Court and the presumption of corporate separateness is maintained.

■ Two additional arguments were advanced by Plaintiffs: (1) because only three (3) months lapsed between Plaintiffs' first filing on September 8, 2008 and the second filing on December 1, 2008, the Defendants will not be prejudiced; and (2) the mere filings of both actions evidence Plaintiffs' good faith and diligence in prosecuting the first and second actions. Such bald assertions, without more, are insufficient to invoke equitable tolling. Thus, none of the three (3) tolling factors have been established.

## IV. CONCLUSION

In view of the foregoing, (1) Plaintiffs are barred under the applicable statute of limitations for failing to file their personal injury claims against Defendants within the two year period; and (2) the equitable tolling doctrine is not applicable and therefore cannot circumvent dismissal. Accordingly, the motion to dismiss the personal injury claim is **GRANTED**. However, Plaintiffs' action and/or claim for property damage to their vehicle as a result of Defendants' alleged negligence *is* timely and reviewable pursuant to 5 V.I.C. § 31(3)(D) and *James v. Henry*, 3 V.I. 273, 157 F. Supp. 226 (D.C. V.I. 1957). Accordingly, Defendants' Motion to Dismiss dated January 12, 2009 as to the property damage claim is **DENIED**.

## ORDER

For reasons stated in the accompanying Memorandum Opinion of even date, it is

**ORDERED**, that Defendants' Motion to Dismiss shall be **GRANTED in part** because Plaintiffs did not file their personal injury claim(s) against Defendants within the two (2) year period and are therefore barred under the applicable statute of limitations pursuant to 5 V.I.C. § 31(5)(A). Additionally, the equitable tolling doctrine is *not* applicable to save Plaintiffs' time-barred claims from dismissal because all three (3) tolling factors are absent; and, it is further

**ORDERED**, that the Plaintiffs' personal injury claim(s) shall be **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED**, that Defendants' motion to dismiss the Plaintiffs' personal property claim shall be **DENIED** because the statute of limitations for Plaintiffs' action and/or claim for property damage to their vehicle is six (6) years pursuant to 5 V.I.C. § 31(3)(D) and *James v. Henry*, 3 V.I. 273, 157 F. Supp. 226 (D.C. V.I. 1957). Therefore, Plaintiffs' personal property claim is timely; and it is further

**ORDERED**, that a copy of this Order shall be directed to the counsels of record for the respective parties.