

**FILED**
April 16, 2025 10:31 AM
ST-2022-CV-00125
**TAMARA CHARLES**
**CLERK OF THE COURT**

### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

KEITH NICHOLSEN,      )      Case No. ST-2022-CV-00125
                              )
           Plaintiff,         )
      vs.                         )
                              )       **COMPLAINT FOR DAMAGES**
SHAMALI DENNERY,      )
                              )
           Defendant.    )       **JURY TRIAL DEMANDED**
                              )

### Cite as 2025 VI Super 12 U

### MEMORANDUM OPINION

¶1      **THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss, filed August 2, 2022. Defendant Shamali Dennery contends that Plaintiff's complaint is barred by the two-year statute of limitations for torts claims and that Count One of the complaint fails to state a claim for which relief can be granted. The motion is fully briefed.[1] For the reasons set forth herein the court will grant the motion.

---

[1] Plaintiff filed a response on August 13, 2022, and Defendant filed a reply on August 19, 2022.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2      In his complaint, Plaintiff Keith Nicholsen alleges that Dennery assaulted him on May 6, 2019, and that at all times material hereto Dennery was a federal employee. Nicholsen's complaint asserts three counts: assault and battery, negligence and gross negligence.

¶3      On August 27, 2019, prior to filing this suit, Nicholsen filed an administrative claim with the Federal Emergency Management Agency ("FEMA") under the Federal Torts Claim Act ("FTCA"), alleging that Dennery "refused to provide identification and thereafter assaulted and battere[d]" Nicholsen, while acting in his official capacity as a FEMA employee. On September 24, 2019, FEMA rejected Nicholsen's claim, stating that the FTCA bars claims arising from intentional torts committed by a federal government employee.

¶4      On March 6, 2020, Nicholsen filed a civil action in the District Court of the Virgin Islands against Dennery, in his official capacity as a FEMA employee, and the United States of America, in a matter styled *Keith Nicholsen v. United States of America and Shamali Dennery*, District Court Case No. 3:20-cv-0023. In that complaint, Nicholsen alleged that on or prior to May 6, 2019, FEMA had an agreement with Slim Man's Parking Lot on St. John, U.S. Virgin Islands, that granted FEMA the right to park an official FEMA vehicle at Slim Man's parking lot, in Cruz Bay, St. John, Virgin Islands, for use by any FEMA agents/employees while on St. John. The complaint alleges the keys for the vehicle, while parked in the lot, would be left with the lot attendant and the FEMA agent/employee that sought to use the vehicle would check in with the lot attendant and provide a FEMA identification to the lot attendant who would then provide the keys to the FEMA vehicle. On May 6, 2019, while Nicholsen was working as the lot attendant at Slim Man's, Dennery, a FEMA agent/employee, went to the parking lot and demanded the keys from

Nicholsen. Nicholsen asked to see Dennery's identification, and Dennery refused. After Nicholsen refused to give the keys to Dennery, Dennery allegedly assaulted Nicholsen. The complaint filed in the District Court named the United States of America and Shamili Dennery as Defendants. The complaint was a single count complaint that alleged that "while acting in the scope of his agency/employment for FEMA, [Dennery] negligently and carelessly caused a physical injury to Plaintiff," and that [Dennery's] "negligence is the responsibility of Defendant United States of America."

¶5     On June 22, 2020, the United States of America filed a Motion to Dismiss for lack of subject matter jurisdiction. Nicholsen opposed the motion. Dennery filed an answer on August 31, 2020, which included a counterclaim for common law assault, a crossclaim against the United States for common law contribution, and a third-party complaint against Bernard Wesselhoft d/b/a Slim Man's Parking Lot for common law assault under the theory of *respondeat* superior. On March 28, 2022, the District Court granted the United States' Motion to Dismiss Nicholsen's claims for negligence and declined to extend supplemental jurisdiction over Nicholsen's other claims, and as a result all claims were dismissed.

¶6     Less than thirty days later, on April 14, 2022, Nicholsen filed this suit in the Superior Court, asserting virtually identical factual allegations as alleged in the District Court case, with the exception that Nicholsen asserted additional causes of action for both assault and battery and gross negligence, and Nicholsen asserted all his claims against Dennery in his individual capacity rather than his official capacity as a FEMA employee.

¶7     In response to the complaint, Dennery filed the subject Motion to Dismiss all counts on the grounds that the applicable statute of limitations had expired. The Motion also seeks dismissal of

Counts One and Three because they fail to state a claim upon which relief can be granted. Nicholsen opposes the motion.

## **LEGAL STANDARD**

¶8     In lieu of filing an Answer, Dennery filed a pre-answer motion to dismiss that contends Nicholsen's complaint was filed beyond the applicable statute of limitations, and that Counts One and Three failed to state a claim upon which relief can be granted. The defense of a statute of limitations is an affirmative defense that is ordinarily asserted in a responsive pleading. *Banco Popular De P.R. v. Panzer*, 2021 V.I. SUPER 65U, *12 (Super. Ct. 2021) (citing V.I. R. Civ. P. 8(c)(1)). However, "[i]f the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim" under V.I. Rules of Civil Procedure 12(b)(6). *Lockhart v. Treasure Bay V.I. Corp.*, 63 V.I. 357, 360 (V.I. Super. Ct. 2015) (quoting *Simms v. Freeman*, 428 F. App'x 119, 120 (3d Cir. 2011)(citing *Jones v. Bock*, 549 U.S. 199, 215 (2007))).

¶9     Under V.I. R. Civ. P. 12(b)(6), a party may move for dismissal of a complaint based on a "failure to state a claim upon which relief may be granted." V.I.R. Civ. P. 12(b)(6). In order to defeat a Rule 12(b)(6) motion, the complaint must satisfy the notice pleading requirement of V.I. R. Civ. P. 8 by "adequately alleging facts that places an accused party on notice of the claims being brought against it." *Arellano v. Rich*, 70 V.I. 696, 710 (Super Ct. 2019) (quoting V.I. R. Civ. P. 8). V.I. R. Civ. P. 8 rejects the heightened pleading standard applicable in federal courts and states that the Virgin Islands is a notice pleading standard." *Basic Services, Inc. v. Gov't of the Virgin Islands*, 71 V.I. 652, 659 (2019). All material allegations in the complaint are taken as true, and the court must construe all facts in a light most favorable to the non-moving party. *Lee J. Rohn &*

*Assocs. v. Griffiths*, 2020 V.I. LEXIS 84, \*4 (Super. Ct. 2020). "Even if a complaint is 'vague,' 'inartfully drafted,' 'a bare-bones outline,' or 'not a model of specificity,' the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief." *Basic Servs., Inc.*, 2019 V.I. at 660.

¶10    In deciding a Rule 12(b)(6) motion to dismiss, the court may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Advanced Surgical v. Cintron*, 2017 V.I. LEXIS 63, \*9 (Super. Ct. 2017) (citing *Manbodh v. Hess Oil V.I. Corp.*, 47 V.I. 375, 381-84 (Super. Ct. 2006)).

## DISCUSSION

¶11    The issues to be resolved by this Court are: (1) whether Nicholsen's April 14, 2022 complaint was filed within the applicable local statute of limitations; (2) whether a federal statute tolled the statute of limitations and therefore circumvents dismissal; (3) whether Fed. R. Civ. P. 15 and/or V.I. R. Civ. P. 15 applies in the instant matter and therefore circumvents dismissal; and (4) whether Nicholsen's first and third causes of action for assault and battery and gross negligence, respectively, state a claim upon which relief can be granted.[2]

### A. Nicholsen's April 14, 2022 complaint was not filed within the applicable statute of limitations.

¶12    Nicholsen filed his complaint with this court on April 14, 2022. The complaint lodges claims for personal injuries sustained due to assault and battery, gross negligence, and/or ordinary

---

[2] Nicholsen argues that previous federal filings gave Dennery proper notice of a possible claim for assault and battery claim. The court need not address this point because the claims are barred by the statute of limitations.

negligence as a result of actions allegedly committed by Dennery on May 6, 2019. Dennery responded by filing a motion to dismiss Nicholsen's claims, pursuant to V.I. R. Civ. P. 12(b)(6) and 5 V.I.C. § 31(5)(A), for failure to file claims within the statutory period and for failure to state a claim upon which relief can be granted. Dennery contends that Nicholsen's claims are barred by a two-year statute of limitations.

¶13     The statute of limitations on a cause of action generally begins to run when the cause of action accrued. *Hypolite v. Marriott Ownership Resorts (St. Thomas), Inc.*, 52 V.I. 175, 180 (Super. Ct. 2009). According to 5 V.I.C. § 31(5)(A), there is a two-year statute of limitations for "[a]n action . . . for any injury to the person or rights of another not arising on contract . . ." *Id.* (quoting 5 V.I.C. § 31(5)(A)). Thus, a claim for personal injuries brought more than two years after the essential facts giving rise to the cause of action is barred by the statute of limitations. *White v. S & E Bakery, Inc.*, 26 V.I. 87 (1991).

¶14     In this case, each cause of action asserted in the Nicholsen's complaint stems from a singular incident on May 6, 2019. Both parties concur that the incident occurred on that date. Therefore, Nicholsen was required to file his complaint within two years of May 6, 2019. 5 V.I.C. § 31(5)(A). As a result, the deadline lapsed on May 6, 2021. But Nicholsen filed his complaint with the Superior Court on April 14, 2022, which is after the applicable statute of limitations had expired under local law.

## B. 28 U.S.C. § 1367(d) does not toll the statute of limitations on any of Nicholsen's claims.

¶15     Before filing this complaint with the Superior Court, Nicholsen filed a complaint with the District Court of the Virgin Islands against the United States and Dennery in his official capacity

as a FEMA employee, under a theory of negligence for the same incident alleged in the complaint filed in the suit at bar. After dismissing the federal claim that gave the federal court original jurisdiction over the matter, the District Court declined to exercise supplemental jurisdiction over the remaining claims and dismissed the case, as permitted by 28 U.S.C. § 1367.

¶16    Title 28 U.S.C. § 1367(a) states:

> Except as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Title 28 U.S.C. § 1367(d) provides that the statute of limitations is tolled on certain cases. It specifically provides:

> [t]he period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless the State law provides for a longer tolling period.

¶17    That federal statute tolls the statute of limitations on claims that were brought in the federal action or a claim that was previously brought in that action but was voluntarily dismissed either concurrently or after the claim brought under subsection (a) of the statute was dismissed. Plaintiff relied on *Artis v. District of Columbia*, 583 U.S. 71, 71 (2018) to oppose the motion to dismiss. In *Artis*, the U.S. Supreme Court clarified that "[s]ection 1367(d)'s instruction to 'toll' a state limitations period means to hold it in abeyance, i.e., 'to stop the clock.'" That means that, from the

moment the claim is filed in federal court, the clock freezes and does not resume until 30 days after the federal claim is dismissed. *Id.* at 603.

¶18    In this case, the claims stem from an incident that occurred on May 6, 2019, and the claims had a two-year statute of limitations. Therefore, when Nicholsen filed the federal claim on July 10, 2020, there was still a little less than nine months remaining on the clock. The federal claim was dismissed on March 28, 2022. Thus, all other things being equal, the clock would resume on April 28, 2022, and would expire on January 24, 2023.

¶19    However, for the reasons stated below, the court finds that 28 U.S.C. § 1367(d) did not toll the statute of limitations on the claims pending in this court.

### 1. Count One: Assault and Battery

¶20    Defendant asserts that 28 U.S.C. § 1367(d) does not toll the statute of limitations on Count One (Claim for Assault and Battery) of the complaint because it was not originally asserted in the federal complaint. As explained above Title 28 U.S.C. § 1367(d) tolls the statute of limitations on claims that were brought in a federal action or a claim that was previously brought in that action but was voluntarily dismissed either concurrently or after the claim brought under subsection (a) of the statute.

¶21    Nicholsen concedes that he did not bring a cause of action for assault and battery in his federal complaint. But, because Nicholsen had filed a claim for negligence against Dennery in his official capacity as a FEMA employee in the District Court, Nicholsen contends that Dennery was put on notice regarding this alternative theory of the incident, including that the tort was intentional, and thus Nicholsen further argues that the statute of limitations was tolled under 28

U.S.C. § 1367(d). Nicholsen also contends that Dennery was put on notice regarding the assault and battery claim because Nicholsen asserted the assault and battery claim in his Federal Tort Claim that was filed with FEMA on August 27, 2019, which was prior to the federal action. The court rejects these arguments.

¶22     Nicholsen did file suit in the Superior Court within 30 days of the dismissal of his claim by the District Court, but the statute of limitations was only tolled and preserved if the federal suit falls under section (a) of 28 U.S.C. § 1367.[3] This court finds that 28 U.S.C. § 1367(d) does not apply to alternative theories that were not presented as claims in the action filed in District Court or with FEMA.[4] While Nicholsen previously asserted a claim for intentional assault in his FEMA

---

[3] The content of Title 28 U.S.C. § 1367 is as follows:

**(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

**(b)** In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [28 USCS § 1332], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332 [28 USCS § 1332].

**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

**(d)** The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

**(e)** As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

[4] Nicholsen's single count complaint was one for negligence against Dennery in his official capacity.

claim, that claim was resolved when FEMA denied the claim on September 24, 2018. And plaintiff did not file the case in this court until April 14, 2022. So, assuming *arguendo* that the statute of limitations on the FEMA claim was tolled while that claim was under consideration, more than 30 days had lapsed between when FEMA dismissed the claim and when Nicholsen re-filed in this court. Further, the claim filed with FEMA was not asserted under 28 U.S.C. § 1367(a), so subsection (d) of the statute does not apply.

¶23    Since the assault and battery claim was not asserted in the federal complaint under 28 U.S.C. § 1367(a), the statute of limitations was not tolled. Therefore, Nicholsen's assault and battery claim was not filed within the applicable statutory period and violates the statute of limitations.

## 2.  Count Two: Negligence

¶24    Dennery asserts that 28 U.S.C. § 1367(d) does not toll the statute of limitations in regard to Count Two of the complaint (claim for Negligence) because, while Nicholsen did originally assert a claim of negligence in the federal complaint, he asserted that claim against Dennery in his official capacity, whereas in the Superior Court complaint, Nicholsen is asserting the negligence claim against Dennery only in his individual capacity. As a result, Dennery argues the claim is not covered or protected by 28 U.S.C. § 1367(d), because the claim is asserted against a new party.

¶25    Both parties agree that Nicholsen brought a negligence action against Dennery in his official capacity in federal court. According to the District Court of the Virgin Islands, the Court

had supplemental jurisdiction over that claim under 28 U.S.C. § 1367(a).[5] Therefore, 28 U.S.C. §

1367(d) would certainly apply to the negligence claim against Dennery in his official capacity, if

Nicholsen had refiled that claim in this court because 28 U.S.C. § 1367(d) states that:

> [t]he period of limitations for any claim asserted under subsection (a), and for any
> other claim in the same action that is voluntarily dismissed at the same time as or
> after the dismissal of the claim under subsection (a), shall be tolled while the claim
> is pending and for a period of 30 days after it is dismissed unless State law provides
> for a longer tolling period.

¶26    However, that federal statute is silent on whether the claim can only be asserted against the

same party in the same capacity that it was asserted against in federal court, or if a claim brought

against the same party but in a different capacity is preserved.

¶27    This court could not find any local case law that explicitly addresses whether a person sued

in their official capacity is a different party than the same person sued in their individual capacity

under 28 U.S.C. § 1367, and Nicholsen did not cite to any such case. But the Virgin Islands has

treated persons sued in their official capacity as separate to parties sued in their individual capacity.

*See Hodge v. Varlack Ventures*, 2009 V.I. LEXIS 61, *5 (Super. Ct. 2009) (The court determined

the defendant was being sued in an individual capacity or official capacity to determine if they had

a right to a jury trial.); *Williams v. Government of the Virgin Islands*, 2002 V.I. LEXIS 44, *3 (Super

Ct. 2002) (plaintiff amended complaint to include the named officials in their individual

capacities); *Olive v. DeJongh*, 2012 V.I. LEXIS 71, *12-3 (Super. Ct. 2012) (addressing whether

the Department of Justice can represent officers that were sued in their individual capacities, not

their official capacities, suggesting the two are different entities). Suing an individual in their

---

[5] The District Court had federal question jurisdiction over the negligence claim against the United States under the Federal Tort Claims Act.

official capacity as a government employee is equivalent to suing an individual who holds that official position. *See Fleming v. Cruz*, 62 V.I. 702, 708 n.3 (2015) ("When a public officer who is a party to an appeal or other proceeding in the Supreme Court in his or her official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his or her successor is automatically substituted as a party." V.I. Sup. Ct. R. 34 (c)(1)). The Supreme Court of the Virgin Islands has not previously ruled on this issue at is pertains to 28 U.S.C. § 1367. Therefore, the court looks to other jurisdictions that have interpreted the statute.

¶28    In *Green v. Department of Corrections*, the Plaintiff first filed, in federal court, state tort claims against doctors and nurses, in their individual capacities, who worked for government agencies. 365 Ga. App. 592, 592-93 (2022). After the case was dismissed, the Plaintiff filed the state law tort claims in state court against the government agencies themselves, and not the doctors and nurses in their individual capacities. *Id.* At 594. The Georgia Court of Appeals held that, because the state action was against different defendants than those in the federal action, 28 U.S.C. § 1367(d) does not apply. *Id.* at 598. Several other courts have also held that the statute does not toll claims against parties not named in the federal lawsuit. *See Cooper v. City of New York*, (No. 17-CV-1517 (NGG) (RLM), Aug. 5, 2019), 2019 U.S. Dist. LEXIS 131572 (E.D.N.Y. 2019); *Barnett v. Connecticut Light & Power Co.*, 967 F. Supp. 2d 593, 599-600 (D. Conn. 2013), aff'd, 580 F. App'x 30 (2d Cir. 2014); *Brengettcy v. Horton*, (No. 01 C 197), 2006 U.S. Dist. LEXIS 45828 (N.D. Ill. 2006); *Murey v. City of Chickasaw*, 385 So. 3d 903, 911 (Ala. 2023); *Estate of Fennell v. Stephenson*, 354 N.C. 327, 335 (2001).

¶29    Nicholsen contends that changing the identity of the defendant from Dennery in his official capacity to Dennery in his individual capacity is irrelevant, but he gave no authority to support

that argument, and this court could find no case law in any jurisdiction to support that legal conclusion. This court finds that suing a person in their official capacity does not equate to suing a person in their individual capacity.

¶30    This court therefore finds that the statute of limitations had expired on Nicholsen's claim against Dennery in his individual capacity because it was not filed in federal court and thus 28 U.S.C. § 1367(d) does not apply to that claim.

### 3.  Count Three: Gross Negligence

¶31    Dennery asserts that 28 U.S.C. § 1367(d) does not toll the statute of limitations on Count Three of the complaint (Claim for Gross Negligence) because Nicholsen's complaint in the District Court did not include a claim for gross negligence, not even in Dennery's official capacity. Based on the language of 28 U.S.C. § 1367(d), the toll on the statute of limitations applies only to claims that were brought in the federal action or a claim that was previously brought in that action but was voluntarily dismissed either concurrently or after the claim brought under subsection (a) of the statute was dismissed.

¶32    In his federal action, Nicholsen asserted that Dennery acted with negligence when he caused Nicholsen's injuries. Nicholsen concedes that he did not bring a cause of action for gross negligence specifically in the federal complaint, but he contends that the federal complaint "alleged facts that could plausibly be construed as gross negligence." Opp. p. 11.

¶33    Similar to the findings and analysis above regarding Count One of Nicholsen's complaint, 28 U.S.C. § 1367(d) preserves state claims that were brought in a federal action under supplemental jurisdiction. But a claim for gross negligence was not brought in the previous federal action, even

if the alleged facts could have been construed as such. Therefore, the claim for gross negligence is time barred.

### C. Federal Rule of Civil Procedure 15(c) and Virgin Islands Rule of Civil Procedure 15 do not apply to Nicholsen's complaint.

¶34    Nicholsen asserts that the statute of limitations does not bar the claims because the state court complaint relates back to the federal complaint under Fed. R. Civ. P. 15(c) and V.I. R. Civ. P. 15 because he claims he could have amended the federal complaint and added claims for assault and battery and gross negligence and added Dennery in his individual capacity as a defendant in the federal matter. This court disagrees.

¶35    Both Fed. R. Civ. P. 15 and V.I. R. Civ. P. 15 apply to amendments to pleadings. But a state court complaint based on the same facts as a previous federal complaint is not an amendment of the federal complaint, it is a new pleading. Therefore, Nicholsen cannot rely on V.I. R. Civ. P. 15 to claim his new complaint relates back to the federal complaint.

¶36    Furthermore, even assuming *arguendo* that Fed. R. Civ. P. 15 would apply if Nicholsen had been allowed to amend his federal complaint, there is no guarantee that Nicholsen would have been permitted to amend his federal complaint under Fed. R. Civ. P. 15. A plaintiff may amend its pleading as a matter of course:

> no later than 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

¶37    Fed. R. Civ. P. 15(a)(1). The federal action underwent discovery before the United States filed a motion for summary judgment. Thus, the timeline for Nicholsen to amend his complaint in federal court as of right had already expired before the case was dismissed. Fed. R. Civ. P. 15(a)(1).

Thus, to amend the complaint, Nicholsen would have had to either obtain written consent from Dennery or sought leave of the court, which admittedly is to be given freely when justice so requires. Fed. R. Civ. P. 15(a)(2). However, Nicholsen has not shown to this court's satisfaction that the District Court would have allowed Nicholsen to amend his complaint. Even if this possibility existed, it was only that—a possibility—because Nicholsen had not moved to amend his complaint in federal court to add the claims he has filed against Dennery in this court, nor had Nicholsen received permission to do so. Therefore, this court finds that Fed. R. Civ. P. 15(c) and V.I. R. Civ. P. 15 do not afford Nicholsen to claim that his local complaint relates back to the federal complaint.

¶38    Since the statute of limitations has run for each claim, the court will not address the alternative argument that Counts One and Three fail to state a claim upon which relief can be granted under V.I. R. Civ. P. 12(b)(6) because the argument is moot.

## CONCLUSION

¶39    Nicholsen did not file his claims in this Court within the applicable statute of limitations. 28 U.S.C. § 1367(d) did not toll the statute of limitations for any of Nicholsen's claims because Nicholsen did not assert the assault and battery and gross negligence claims in the federal action. Therefore 28 U.S.C. § 1367 does not apply. Nicholsen only asserted a negligence action in federal court, but that action was asserted against Dennery in his official capacity while Nicholsen asserted the same negligence claim in this action against Dennery in his individual capacity. That means the state action is against a new party. Thus, 28 U.S.C. § 1367 does not apply. The court finds that Fed. R. Civ. P. 15 and V.I. R. Civ. P. 15 do not allow the state complaint to relate back to the

federal complaint to overcome the statute of limitations issue. Both rules only apply to amendments of a pleading, not a new pleading in a different court. Accordingly, the motion to dismiss for violating the statute of limitations will be granted.

An Order consistent with this Memorandum Opinion will be entered.

DATED: April 16 , 2025

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY:

**LATOYA CAMACHO**
Court Clerk Supervisor 4 / 16 / 2025