10-1342-cv
Barnett v. Carberry

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of April, two thousand eleven.

PRESENT:  AMALYA L. KEARSE,
          ROGER J. MINER,
          DENNY CHIN,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -x

JUDY PRESCOTT BARNETT,
          <u>Plaintiff-Appellant</u>,

          -v.-                                    10-1342-cv

ROBERT E. CARBERRY, S. DEREK PHELPS,
CONNECTICUT LIGHT & POWER COMPANY,
NORTHEAST UTILITIES, NORTHEAST UTILITIES
SERVICE COMPANY, UNITED ILLUMINATING
COMPANY, CONNECTICUT SITING COUNCIL,
          <u>Defendants-Appellees</u>.*

- - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     WHITNEY NORTH SEYMOUR, JR., Law
                             Office of Whitney North Seymour,
                             Jr., New York, New York (Gabriel
                             North Seymour, Gabriel North
                             Seymour P.C., Falls Village,
                             Connecticut, <u>on the brief</u>).

---

          *     The Clerk of Court is directed to amend the caption accordingly.

FOR DEFENDANTS-APPELLEES:    JONATHAN M. FREIMAN, Wiggin and
Dana LLP, New Haven, Connecticut
(Anthony M. Fitzgerald, Sherwin M.
Yoder, Carmody & Torrance LLP, New
Haven, Connecticut, <u>on the brief</u>),
<u>for</u> United Illuminating Company,
Robert E. Carberry, Connecticut
Light & Power Company, Northeast
Utilities, Northeast Utilities
Service Company).

ROBERT L. MARCONI, Assistant
Attorney General, New Britain,
Connecticut, <u>for</u> Connecticut Siting
Council, S. Derek Phelps.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

In 2008, plaintiff-appellant Judy Prescott Barnett brought a § 1983 civil rights action against a state licensing agency, several private utilities companies, and their employees (collectively, "defendants"), alleging that they exposed her home to unusually high levels of electromagnetic fields ("EMFs") in violation of her property and privacy rights and her rights to due process and equal protection of law.  She also alleged pendent state claims, including breach of contract and tort claims.  Barnett claims that she and her husband suffer from significant health problems that they suspect were caused by EMF emissions from a power line located 40 feet away from their home.  They also allege that their home is now unmarketable.  Barnett appeals from two decisions of the district court:  the first, entered March 30, 2009, dismissed <u>inter alia</u> her claims under the

-2-

First, Fourth, and Ninth Amendments, and the second, entered March 16, 2010, granted summary judgment to defendants as to all remaining federal claims and declined to exercise supplemental jurisdiction over her remaining state law claims.

We review questions of law arising from the grant of a motion to dismiss de novo. Kuck v. Danaher, 600 F.3d 159, 162-63 (2d Cir. 2010). Similarly, our review of a grant of summary judgment is de novo. Clubside, Inc. v. Valentin, 468 F.3d 144, 152 (2d Cir. 2006). On appeal, Barnett emphasizes that she does not ask this Court to declare that there is a constitutional right to a healthful environment. See MacNamara v. Cnty. Council of Sussex Cnty., 738 F. Supp. 134, 141-43 (D. Del.), aff'd, 922 F.2d 832 (3d Cir. 1990) (unpublished table decision). Rather, she asks that we recognize that the constitutional right to be "safe and secure in one's home" includes the right to be free from an "unreasonable" level of EMFs under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments. Appellant's Br. at 31-32. We have reviewed the relevant case law and conclude that no case establishes a constitutional or common-law privacy or property right to be free from an unreasonable levels of EMFs.[1]

Barnett first contends that defendants' acts deprived her of her First Amendment and other constitutional rights to privacy and property, or at least some "parallel" common-law right. Appellant's Br. at 28. But our precedent is inapplicable

---

[1] Because plaintiff's constitutional claims fail, this Court presumes, without deciding, that the private utility company defendants engaged in state action.

-3-

to the controversy at bar.  The cases upon which Barnett relies all involve challenges to allegedly heavy-handed conduct by a governmental party, see, e.g., Kovacs v. Cooper, 336 U.S. 77 (1949) (holding city may constitutionally limit noise levels); FCC v. Pacifica Foundation, 438 U.S. 726 (1978) (holding agency may regulate offensive speech over radio waves); Griswold v. Connecticut, 381 U.S. 479 (1965) (holding state law unconstitutionally criminalized use of contraceptives), but her privacy argument asserts, at best, that the government and utilities "failed" to protect her home from EMF emissions.  To the extent that Barnett alternatively challenges defendants for permitting her home to be "intruded upon" by unreasonably high levels of EMFs, Appellant's Br. at 37, she conceded at argument that no legislature or administrative agency has even determined what levels of EMFs would be "unreasonably high."  Indeed, that is a scientific policy question better decided by the legislature than the courts.  Cf. City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976) (stating that the judiciary may not "sit as a superlegislature to judge the wisdom or desirability of legislative polic[ies]" in areas that do not implicate fundamental rights or suspect classifications); Cellular Phone Taskforce v. FCC, 205 F.3d 82, 91 (2d Cir. 2000) (characterizing argument that agency should increase safety margin as "a policy question, not a legal one").

Barnett's Fourth and Ninth Amendment privacy arguments are similarly unavailing. The Fourth Amendment safeguards privacy and personal security only against searches or seizures, and not conduct outside of a governmental investigation of a violation of criminal law or other statutory or regulatory law. New Jersey v. T.L.O., 469 U.S. 325, 335 (1985); Poe v. Leonard, 282 F.3d 123, 136 (2d Cir. 2002). Nor does the Ninth Amendment provide "an independent source of individual rights; rather, it provides a rule of construction that we apply in certain cases." Jenkins v. C.I.R., 483 F.3d 90, 92 (2d Cir. 2007) (internal quotation marks omitted). Accordingly, the district court did not err in dismissing Barnett's claims and in granting defendants' motion for summary judgment.

We have considered Barnett's remaining arguments and the record on appeal, and for the above reasons and substantially the reasons set forth in the district court's decisions, we conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK