13-3895-cv
Judy Prescott Barnett v. Connecticut Light & Power Company, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of October, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             PETER W. HALL,
                       *Circuit Judges*.

_____

JUDY PRESCOTT BARNETT,

                       *Plaintiff-Appellant*,

              v.                                    13-3895-cv

CONNECTICUT LIGHT & POWER COMPANY,
NORTHEAST UTILITIES, NORTHEAST UTILITIES
SERVICE COMPANY, UNITED ILLUMINATING
COMPANY,

                       *Defendants-Appellees*.

_____

Appearing for Appellant:     Gabriel N. Seymour, Gabriel N. Seymour PC, Falls Village, CT
                             (Whitney N. Seymour, Jr., New York, N.Y., *on the brief*).

Appearing for Appellees:     Anthony M. Fitzgerald (Sherwin M. Yoder, *on the brief*), Carmody
                             Torrance Sandak & Hennessey LLP, New Haven, CT, *for
                             Connecticut Light & Power Company, Northeast Utilities, and
                             Northeast Utilities Service Company*.

Jonathan M. Freiman, Wiggen & Dana LLP, New Haven, CT, *for United Illuminating Company*.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Judy Prescott Barnett appeals from the September 10, 2013 judgment of the United States District Court for the District of Connecticut (Bryant, *J.*), granting summary judgment and judgment on the pleadings in favor of the defendants on all of Barnett's claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Under the doctrine of res judicata, or claim preclusion, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The doctrine "applies in later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 221–22 (2d Cir. 2012) (citation omitted). "[T]he claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 196 (2d Cir. 2010) (citation omitted); *see also Fink v. Golenbock*, 238 Conn. 183, 191-92 (1996).

The district court correctly concluded that all of Barnett's claims against Connecticut Light & Power Company, Northeast Utilities, and Northeast Utilities Service Company are precluded by the prior judgments in (1) *Prescott v. Ne. Utils.*, No. CV 940315423S, 1998 WL 13942 (Conn. Super. Ct. Jan. 6, 1998) ("*Prescott*"); (2) *Barnett v. Carberry*, No. 3:08cv714, 2009 WL 902396 (D. Conn. Mar. 30, 2009) ("*Barnett I MTD*"), *aff'd*, 420 F.App'x 67 (2d Cir. 2011), *cert. denied*, 132 S.Ct. 248 (2011); and (3) *Barnett v. Carberry*, No. 3:08cv714 (D. Conn. Mar. 16, 2010) ("*Barnett I MSJ*"), *aff'd*, 420 F.App'x 67 (2d Cir. 2011), *cert. denied*, 132 S.Ct. 248 (2011). We agree with the district court that the defendants met their burden of showing that the judgments in *Prescott* and *Barnett I*, rendered by courts of competent jurisdiction, were final judgments on the merits in cases involving the same parties or their privies, and the same cause of action, as the case presently before the court. *See Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997); *Fink*, 238 Conn. at 191 ("The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it.").

Barnett's argument that fraudulent procurement deprives the *Prescott* judgment of preclusive effect fails because she has not pleaded the elements necessary to advance such a claim. *See, e.g.*, *Duart v. Dep't of Corr.*, 303 Conn. 479, 481 n.2, 491–92 (stating that party seeking to reopen judgment allegedly procured through fraud must show "no laches or unreasonable delay by the injured party after the fraud was discovered," "diligence in the

original action . . . in trying to discover and expose the fraud," "clear proof of the perjury or fraud," and "reasonable probability . . . that the result of a new trial will be different.").

As an initial matter, we note that Barnett appeals from the dismissal of only some of her claims against United Illuminating Company ("UI"). Barnett conceded before the district court that the judgment in *Barnett I* barred her breach of contract claim against UI. She also waived review of her claims for trespass and breach of duty of possessor-occupier of land by failing to make any arguments on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Res judicata precludes the remainder of Barnett's claims against UI. Our comparison of Barnett's complaint against UI and the district court's decisions in *Barnett I MTD* and *Barnett I MSJ* makes clear that Barnett's claims were, or could have been, litigated in the earlier action before the district court. *See Maharaj*, 128 F.3d at 97; *Fink*, 238 Conn. at 191.

We have considered the remainder of Barnett's arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.


                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

3